CORNELIUS C. PARMALEE *vs.* THE TOWN OF BETHLEHEM.

Hartford Dist., Oct. T., 1888.   PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, JS.

Where a defendant successfully pleads to the jurisdiction of the court he is entitled to costs ; otherwise, if the case is erased from the docket upon motion, or by the court upon discovering its want of jurisdiction.

A justice of the peace may tax costs on a day subsequent to that of the rendition of the judgment.

A plaintiff in a justice suit cannot, after the writ is returned, withdraw it, and thereby deprive the defendant of the right to a judgment for costs.

The plaintiff alleged in his complaint, which was demurred to, that the defendant, after he had given to him and to the justice notice that the suit was withdrawn, and before the expiration of the return hour, appeared and moved for judgment, and that the justice on the same day, but long after the expiration of the hour, rendered such judgment. Held—1. That the justice did not necessarily lose jurisdiction of the case if he delayed judgment until later in the day than the expiration of the return hour.   2. That the allegation that the judgment was delayed until "long after" the expiration of the return hour, was without legal effect as a statement of the time of such delay.

A certificate of a judgment lien is not invalid because it includes two distinct judgments.

[Argued October 4th, 1838—decided January 4th, 1889.]

WRIT OF ERROR to reverse two judgments of justices of the peace ; brought to the Court of Common Pleas of Litchfield County, and heard before *Warner, J.*   Judgment rendered for the defendant and appeal by the plaintiff.   The case is fully stated in the opinion.

*J. Huntington* and *A. D. Warner*, for the appellant.

*R. E. Hall*, for the appellee.

BEARDSLEY, J. This is an appeal by the plaintiff from a judgment of the Court of Common Pleas for Litchfield County, upon a writ of error brought by the plaintiff to reverse two judgments for costs in suits brought by him before a justice of the peace.

It is alleged in the complaint that the plaintiff resides in the town of Bethlehem, and that in the first of the two suits the defendant town was cited to appear before James M. Benton, Esq., a justice of the peace for Litchfield County at the town hall in Bethlehem; that the parties appeared, and the defendant town pleaded that the justice had no jurisdiction of the case because he resided in the town of Morris and not in the town of Bethlehem, and that there were several justices of the peace residing in the town of Bethlehem who were qualified to try the case; that the plaintiff demurred to the plea to the jurisdiction, and the court decided that the plea was sufficient, and rendered judgment that the defendant recover its costs, which the justice afterwards taxed in the town of Morris. It is also alleged in the complaint that the plaintiff then brought the second suit for the same cause of action before George W. Percy, Esq., a justice of the peace residing in the town of Bethlehem; that on the return day of the writ in said last mentioned suit, before the hour when the defendant was cited to appear, the plaintiff notified the defendant and the justice that the suit was withdrawn; that after such notice and before the expiration of the hour when the writ was returnable, the defendant's attorney appeared before the justice and moved for judgment for costs, and that such judgment was rendered on the same day but long after the expiration of an hour from the time when the defendant was cited to appear, without adjournment or notice to the plaintiff. It is also alleged that the defendant afterwards caused to be recorded in the land records of the town of Morris a certificate of a judg-

ment lien upon the land of the plaintiff in that town, to secure both of the judgments referred to, and has brought a petition to foreclose that lien, which is pending, and the complaint prays for an injunction against the prosecution of that action.

The defendant demurred to the complaint on the following grounds :—

1st. For the cause that said complaint is a writ of error, and assigns therein errors in two distinct judgments, rendered at different times, in different places, and by different courts, and depending on different principles.

2d. And for the further cause that the matters contained in the plaintiff's complaint are insufficient in the law to annul, reverse, revoke, or set aside said judgments or either of them, or to restrain or invalidate any legal proceedings for the collection of said judgments which may have been predicated thereon.

The court rendered judgment that the complaint was insufficient.

The plaintiff's reasons of appeal are as follows :—

1. Upon the facts alleged in the complaint it appears that the judgments rendered at different times and by different justices, grew out of the same transaction and were depending on the same principles and were for the same matter and thing.

2. That the certificate of judgment lien which the defendant seeks to foreclose, includes both of said judgments, and the defendant seeks to foreclose his claims in both judgments in one and the same suit.

3. The demurrer contains no specific cause of demurrer, nor does it point out any particular reason why the complaint is defective and insufficient.

4. The complaint and the allegations therein are sufficient to annul, reverse, revoke and set aside both of the judgments therein complained of, and to restrain the proceedings for the foreclosure of the judgment lien predicated thereon.

5. That the judgment for costs rendered by Justice Ben-

Parmalee *v.* Town of Bethlehem.

ton was rendered long after he had erased the cause from the docket of his court for want of jurisdiction, and long after he had rendered final judgment in the same, and without any notice to the plaintiff to be present, and long after the final disposition of the case.

6. That said Justice Percy rendered a judgment after the writ and complaint upon which it was predicated had been withdrawn, and when no action or cause was pending before him, and long after the return hour named in the writ had expired, and without notice to the plaintiff, and after full notice to the defendant that the action had been withdrawn.

The first reason of appeal is directed against a claim which was made by the defendant in the court below, but which is not made here and requires no further notice.

The second and third reasons of appeal were properly abandoned by the plaintiff in the argument. The two judgments were properly combined in one certificate. *Fitch* v. *Parker*, 23 Conn., 567.

If the certificate was bad, the plaintiff had no occasion for an injunction, as it would have been a good defense to the petition to foreclose.

The claim that the defendant's demurrer to the plaintiff's complaint was not sufficiently specific, was not made so far as appears in the court below, and is therefore not properly made here.

If the plaintiff was right in his statement in the fifth reason of appeal, that Justice Benton erased the case referred to from the docket of his court, he would be right in his conclusion that the justice erred in taxing costs against him; but it appears by the record that the defendant pleaded to the jurisdiction of the court, and that the plaintiff demurred to the plea, and the justice adjudged that the plea was sufficient and that he had no jurisdiction of the case. The effect of that judgment was to entitle the defendant to costs.

Judge SWIFT says:—" When the defendant properly pleads to the jurisdiction, and judgment is rendered in his favor, he is entitled to costs; but when the case is erased from the docket on motion of the defendant or by the court

on discovering its want of jurisdiction, no cost is allowed. 1 Rev. Swift Dig., 606; Freeman on Judgments, 3 ed., § 121, and cases there cited.

The taxation of the costs, which it appears by the record was made by the justice three days afterwards, was in no sense a judgment, but an act which he might perform at his own convenience as to time and place. *Main* v. *Main*, 48 Conn., 305.

The plaintiff claims by his sixth appeal that Justice Percy had no power to render a judgment for costs in favor of the defendant, by reason of the notice given to him and to the defendant that the plaintiff had withdrawn the action. The notice was given on the return day of the writ, but before the hour when the defendant was cited to appear.

The notice of withdrawal had no effect except as a notice that the plaintiff would not appear in the case. Upon the return of the writ to the justice he acquired jurisdiction to render judgment in favor of the party who should be entitled to it. Neither party without the consent of the other could divest him of that jurisdiction. The defendant had a right to summon his witnesses and prepare for trial, in reliance upon a judgment for costs to reimburse him for the expenses so incurred. The statutes relating to the withdrawal of actions by the plaintiff, and in which provision is made for the recovery of costs by the defendant, have no relation to justice suits. The plaintiff says that Justice Percy did not render judgment until long after the return hour of the writ. He alleges that the defendant appeared and moved for judgment before the expiration of the return hour, and does not claim that he attempted or intended to appear, or that he was in any way aggrieved in fact by the rendition of the judgment after the expiration of the return hour. He has no reason to complain therefore unless the law be so that the justice could not entertain jurisdiction of the suit after the expiration of the hour. But there is no such rule of law. Under ordinary circumstances the party appearing is entitled to judgment against the party who is in default of appearance, at the expiration of the return hour, but there

may be circumstances which will justify the justice in withholding judgment in his favor for a longer time. *Burgess* v. *Tweedy*, 16 Conn., 39.

It is not improbable that at the time when the plaintiff claims judgment should have been rendered against him, the court was engaged in trying the case, hearing or deliberating upon the defendant's motion for costs. Besides, the allegation demurred to, that judgment was not rendered until "long after" the expiration of the return hour, is ineffective. If the plaintiff desired to claim that the justice had lost jurisdiction of the case by unreasonable delay in exercising it, he should have stated the period of such delay, so that the court might see that it was unreasonable.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.