### FREEMAN v. DEMOREST. (No. 86.)

(Supreme Court, Appellate Term. June 6, 1908.)

APPEAL AND ERROR—DISMISSAL—REVIEW UNNECESSARY.

 A judgment having been reversed on appeal therefrom, an appeal from an order refusing to vacate the judgment will be dismissed.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3122.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Le Roy G. Freeman against Horace E. Demorest. From a judgment for plaintiff, and from an order refusing to vacate the judgment, defendant appeals. Judgment reversed, and complaint dismissed, on first appeal; second appeal dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Aaron Honig, for appellant.

J. Wilson Bryant, for respondent.

GILDERSLEEVE, P. J. On October 24, 1907, a judgment was entered against the defendant in this action in favor of the plaintiff upon proof of the service of the summons upon the defendant; he not appearing. On December 19, 1907, the defendant appealed from such judgment under the provisions of section 311 of the Municipal Court act (Laws, 1902, p. 1578, c. 580). Eight days prior to the hearing of this appeal, in accordance with the practice (Austen v. Columbia Lubricants Co. [Sup.] 85 N. Y. Supp. 362; Lazarus v. Boynton [Sup.] 86 N. Y. Supp. 104) the defendant served upon the plaintiff's attorney affidavits

showing that no service of the summons was ever made upon him, and upon the hearing of the appeal the respondent filed answering affidavits. From an examination of the testimony thus given, upon the issue of fact thus raised, we are of the opinion that the defendant was not served in the action, and that the court below did not have jurisdiction over the person of the defendant at the time the judgment was rendered. The judgment must therefore be reversed, with costs to the appellant.

Judgment reversed, with costs, and complaint dismissed.

SEABURY, J., concurs.

DAYTON, J. I concur generally in the conclusion reached by my associates, but prefer to discuss the appeals together. On October 24, 1907, "the defendant not appearing, judgment was rendered by default in favor of the plaintiff." The summons claims defendant liable to arrest. January 6, 1908, defendant moved on affidavits for an order to vacate and set aside the judgment on the ground that the summons was never served, "and for such other and further relief as to the court may seem just and proper in the premises." January 30, 1908, that motion was denied, and on the same day defendant served notice of appeal. As the defendant only appeared after the "default" on this motion, he cannot, in my opinion, be held to have appeared generally. It is evident that the defendant was not served with a summons in this action, and that the Municipal Court, therefore, was without jurisdiction, and that its judgment was a nullity. Must this court send the case back for pleading and trial on the ground that section 253 of the Municipal Court act, as amended in 1907 (Laws 1907, p. 554, c. 304), does not permit a termination of the action by the vacation of a judgment so obtained? I think not. Section 253, supra (amendments of 1907 being italicized), reads as follows:

"The court or a *justice thereof* in a district in which the default *or dismissal* is taken, in an action or summary proceeding, *or in which judgment is taken or final order made without the service of a summons or process as required by law,* may at any time, upon motion made upon such notice as the court may direct, open such default, *or dismissal* and set aside, vacate or modify any judgment or final order in such action or proceeding and set the action down for pleading, hearing or trial, as the case may require, upon such terms as the court may deem proper."

It will be seen that this section in express terms gives the Municipal Court power to entertain and dispose of the motion here made. It is not reasonable to assume that the Legislature intended the anomaly of directing that a judgment "without the service of a summons as required by law" might be declared void, and at the same time directed that the issues must be joined and tried. What issues can there be where there has been no service of process and no appearance?

It is urged that section 257 of the Municipal Court act prohibits an appeal from this order, to wit:

"An appeal shall lie from an order granting or denying the motion, made as provided in the last four sections, as from a judgment, except that no appeal shall lie in the first instance from an order opening a default and vacating a judgment entered thereon."

The amendment to section 253, supra, is the latest legislative expression on this subject. The act, before said amendment, contained no provision for relieving a defendant who had not been served with process, and the words "in the first instance," in section 257, could only have referred to cases of unquestioned jurisdiction in which there had been a default or a trial, and to save multiplicity of procedure provided that the orders in such cases could be reviewed only on appeals from such judgments. True, section 311 of the Municipal Court act provides that, where the summons was not personally served, the defendant (who has not generally appeared) may appeal within 20 days after personal service upon him on the part of the plaintiff of written notice of the entry of the judgment. Bearing in mind that such a judgment would be a nullity, which upon its attempted enforcement might be attacked at any time by remedies known to the law and not confined to the Municipal Court act, and noting that a defendant so situated might appeal after personal service of such notice, I fail to see why such a defendant may not move under section 253 as amended, or appeal under section 311 after notice, as concurrent and not inconsistent rights. Nor do I see that the appellant here, in the circumstances, should be held to an election of remedies.

In the case at bar no valid judgment could be rendered. Jurisdiction in personam cannot be compelled or acquired, except by process duly served or by voluntary general appearance. How, then, can the Municipal Court act be reasonably construed to say, Where the court has no jurisdiction, it may, notwithstanding, require the party whom it has failed to bring before it, or who has not appeared generally, to plead and try the case? The party would properly and probably decline to plead, and another void judgment would be entered. The law does not contemplate futile procedure. Judge Earl, in Roderigas v. East River Savings Institution, 63 N. Y. 463, 20 Am. Rep. 555, says:

"No court, no matter how general its jurisdiction may be, which proceeds without jurisdiction, can make a valid record or confer any rights. When a statute prescribes that some fact must exist before jurisdiction can attach in any court, such fact must exist before there can be jurisdiction, and the court cannot acquire jurisdiction by erroneously deciding that the fact exists and that it has jurisdiction."

By parity of reasoning it may be said that, as a court may determine to hold jurisdiction, it may also determine that it has no jurisdiction, and that in either case its action is the subject of review. This was so held in Parmalee v. Town of Bethlehem, 57 Conn. 271, 18 Atl. 94, where the defendant pleaded to the jurisdiction of the justice of the peace, who held "no jurisdiction" and was affirmed.

It is argued that, if the Legislature had intended by its amendment to section 253, supra, to give power to the Municipal Court to vacate a judgment of this character, it would have expressly provided for an appeal from such an order, for the reason that such power (without appeal from its exercise) was greater than that possessed by a judge of a court of record; but section 310 of the Municipal Court act reads:

"An appeal from a judgment rendered in an action or a final order in summary proceedings in the Municipal Court of the city of New York, or from orders as hereinbefore provided, may be taken to the Supreme Court."

As section 253, supra, provides that a motion may be made to set aside the judgment, and as this court at its every term hears appeals from judgments involving appeals from such orders, I incline to the view that, when a Municipal Court judge shall make an order vacating a judgment of this character and shall enter a judgment of dismissal therein, an appeal from such judgment and order will be entertained, pursuant to sections 257, 310 and 311, supra.

I therefore conclude that, there being no substantial or irreconcilable inconsistencies in the provisions of the Municipal Court act upon this subject, the so-called "default" judgment herein, and the order denying the motion to vacate said judgment, and the judgment entered upon said order, should be reversed, with costs to the appellant, and that the records below should be marked: "Dismissed. No jurisdiction."