JAMES SISK *vs.* BRIDGET MEAGHER.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A determination of the truth or sufficiency of the allegations of a plea in abatement disposes of "a cause," within the meaning of General Statutes, § 4840, authorizing the allowance of costs to the prevailing party "in causes pending" in this court.

The proper office of a plea in abatement is to state facts not apparent on the record.

An order erasing a cause from the docket for want of jurisdiction apparent on the record does not carry costs.

Submitted October 26th, decided October 29th, opinion filed December 17th, 1909.

APPEAL from the taxation, by the clerk, of costs in this court in favor of the appellee. *Taxation affirmed.*

*William B. Stoddard,* in opposition to the taxation of costs.

*James P. Pigott,* in support of the taxation of costs.

PER CURIAM. An appeal by the defendant to the June term of this court in 1909, from a judgment of the Court of Common Pleas in favor of the plaintiff, was met by a plea in abatement, on which the plaintiff obtained a judgment abating the appeal, with costs. The defendant claims that no costs were taxable, on the ground that costs are an incident to a cause, and the judgment shows that there was no cause pending. General Statutes, § 4840, authorizes the allowance of costs to the prevailing party "in causes pending in the Supreme Court of Errors."

The defendant brought here what she claimed to be an appeal, and it was docketed as such. Had the want of jurisdiction been so apparent as to found a motion to erase,

an order erasing it from the docket would not have carried costs. *Parmalee* v. *Bethlehem,* 57 Conn. 270, 18 Atl. 94. But the proper office of a plea in abatement is to state facts not apparent on the record. *O'Brien's Petition,* 79 Conn. 46, 63 Atl. 777. If an issue is presented as to whether they are true or sufficient, the court necessarily has jurisdiction to determine that issue, and its determination, if in favor of the pleader, disposes of what, within the meaning of the statute, is, as between the parties to the proceeding, a pending cause, and makes the appellee the prevailing party.

A form of judgment on such a plea was prescribed by this court in 1897, and concludes thus: "It is therefore considered and adjudged that the appeal abate and be dismissed and that the appellee recover $—— costs, and execution issue accordingly." This is justified by the considerations above stated.

The action of the clerk is affirmed.