GEORGE HOPKINS GILL *vs.* JOHN M. BROMLEY,
EXECUTOR.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., HAINES, HINMAN, BANKS and FOSTER, Js.

Legal notice of probate proceedings which, under Chapter 51 of the
Public Acts of 1919, must be given to all parties known to be
interested in the estate, may be "either public or personal or
both, as the court may deem best." Public notice, as defined
by §4848 of the General Statutes, may be had by publication in
a newspaper within the probate district and such further notice,
if any, as the court may prescribe.

The giving of the notice so required by law is legal notice to all
interested parties whether they have actual knowledge or not;
and therefore an allegation, in a petition by a husband to set
aside a decree ordering the distribution of his wife's estate, that
he had no knowledge of her death or of the subsequent proceed-
ings in the Court of Probate, was not equivalent to an allega-
tion that the notice required by statute was not in fact given.

Courts of Probate possess only such powers as are expressly or by
necessary implication conferred upon them by statute. Under
§4844 of the General Statutes, they may revoke or modify any
order or decree made *ex parte* before any appeal therefrom, or,
if made in reference to the settlement of any estate, before the
final settlement thereof; but after the estate of a wife has been
duly settled and distributed in accordance with her will, they
have no power to set aside decrees, rendered after legal notice
to all interested parties, ordering and accepting such distribution,
even though they were obtained through fraudulent concealment
of her husband's statutory interest.

When want of jurisdiction appears on the face of the record, an
appeal from probate should be erased from the docket as soon
as the defect is brought to the attention of the trial court.

Where the Superior Court is authorized to tax costs upon an appeal
from probate, the exercise of the power is a matter within its
discretion.

A plea to the jurisdiction, if sustained, may carry costs, but not a
motion to erase.

Argued October 26th, 1927—decided February 9th, 1928.

APPEAL by the plaintiff from a decree of the Court
of Probate for the district of New Haven dismissing

Gill v. Bromley.

his petition to set aside a decree ordering and accepting the distribution of the estate of Charlotte B. Gill, taken to the Superior Court in New Haven County where the defendant's motion to erase the cause from the docket was granted (*Simpson, J.*) and judgment rendered dismissing the appeal, from which the plaintiff appealed. *Error in part.*

*Charles S. Hamilton*, for the appellant (plaintiff).

*Charles E. Clark* and *William B. Gumbart*, for the appellees (defendants).

WHEELER, C. J.   The petitioner alleges these facts: He was the husband of Charlotte Bromley; they lived together as husband and wife until on or about March 6th, 1904, when, without cause, his wife left him and continued to live apart from him, without cause, until her death on December 21st, 1922. A will purporting to be executed by her was filed in the Court of Probate for the district of New Haven and the defendant Bromley was in the will appointed sole executor and proceeded with the settlement of her estate. In this settlement he falsely and fraudulently represented to the Court of Probate that the petitioner had abandoned his wife and wilfully lived apart from her in neglect of all the duties of the marital relation, and also falsely and fraudulently and for the purpose of attempting to deprive the petitioner of his distributive share of the estate of his wife made a false affidavit in that court stating that the petitioner had wilfully abandoned his wife and neglected all the duties of the marital relation.

On or about July 20th, 1923, a distribution was ordered by the court in this estate and its entire amount distributed to Aaron H. Gill as sole distributee of the same, and no part of the estate has ever been

distributed to the petitioner, who had no knowledge of the death of his wife until long after the distribution, although the executor well knew, or by the exercise of reasonable care might have known of his whereabouts, but sent no notice to him of the probating of the will or of the settlement of the estate. The petitioner had no notice or knowledge of the false statement to the court until January 8th, 1925, when he was first informed of the probating of this will and of the proceedings for the settlement of the estate. Upward of $43,000 was left in the estate for distribution. The petitioner was married after April 20th, 1877, and entitled to one third of the estate for life, but has not been paid any part of the estate. Aaron H. Gill falsely and fraudulently made an affidavit and statement to the court that this intestate left as her only heirs at law and next of kin, himself, the son of the intestate, and that the petitioner abandoned his wife in 1902, and continued this abandonment to the date of her death and that he had not seen his father, the petitioner, for seventeen years and did not know whether he was living or dead. The judgment of the Court of Probate does not set forth the ground of that court's dismissal of the petition, but the motion for the allowance of the appeal states that the respondents filed a plea to the jurisdiction, that the matters referred to in the petition were *res adjudicata* between the petitioner and the respondents, and that thereupon, without hearing any evidence as to the allegations of the petition, the Court of Probate denied the petition.

In the Superior Court the respondents moved to erase the case from the docket upon the grounds that: (1) The matters referred to in the petition were *res adjudicata* between the petitioner and the respondents. (2) The Court of Probate and the Superior Court on appeal therefrom are courts of limited and statutory

Gill v. Bromley.

jurisdiction and have no authority or power to revoke, open or set aside the decrees passed in the settlement of the estate and to pass the decree prayed for by the petitioner. (3) It is not alleged in the petition, and nothing appears to show that the decrees passed in the settlement of this estate were not in all respects legal and valid and made after the notice required by law; nor that any of the orders attacked in the petition were without the jurisdiction of the Court of Probate. (4) It appears from the record on appeal that all of the orders attacked were within the jurisdiction of the Court of Probate by which they were made.

The court having heard the parties granted the motion and adjudged that the appeal be dismissed and erased from the docket.

The allegations of the petition must be taken as true on the motion to erase. The allegation that the petitioner had no knowledge of the decease of his wife or of the proceedings taken in the settlement of her estate under her will is not an allegation that the notice required by the statute to be given was not in fact given. We must therefore assume that legal notice was given of the probate of this will which may have been a notice "either public or personal or both, as the court may deem best" to all parties known to be interested in the estate. Public Acts of 1919, Chap. 51, § 1. Public notice is publication in a newspaper in the probate district, and such further notice, if any, as such court may prescribe. General Statutes, § 4848. The giving of the notice required by law is a legal notice to all parties interested in the estate, whether they have actual knowledge of the proceedings or not. *Parker* v. *Meeks,* 96 Conn. 319, 114 Atl. 123.

The Court of Probate has by statute, General Statutes, § 4844, the power to revoke or modify any order or decree made by it *ex parte,* before any appeal there-

from, or, if made in reference to the settlement of any estate, before the final settlement thereof. The petition herein was made long after the settlement of the estate. We held in *Delehanty* v. *Pitkin*, 76 Conn. 412, 56 Atl. 881, that the Court of Probate possesses only such powers as are expressly or by necessary implication conferred upon it by statute, and that it has no power to reverse or set aside its decree approving a will after the estate had been settled and duly distributed, nor has it such power even where the decree was obtained by fraud. We point out the possibility of hardship to one ignorant in fact of his rights by the limitation of the time in which appeals may be taken, and the fact that this possible hardship must have been within the knowledge of the legislature when it enacted the provisions for appeal, yet it made no exception in favor of those innocently ignorant of their rights. We suggest, as we did in a later case, that the remedy, if any, is legislative and not judicial. The ruling in *Delehanty* v. *Pitkin, supra,* has remained the law of this State ever since its adjudication, and on two occasions been relied upon as having settled the law of this state. *Schutte* v. *Douglass,* 90 Conn. 529, 536, 537, 97 Atl. 906; *Massey* v. *Foote,* 92 Conn. 25, 101 Atl. 499. Its discussion is full and complete; no useful purpose will be served by reiterating its argument. Adequate quotations would comprise the greater part of the opinion. These decisions necessarily required the trial court to erase this case from the docket of the court. The want of jurisdiction of the Court of Probate appears on the face of this record. As soon as this fact was brought to the attention of the Superior Court, which sat as a Court of Probate on the appeal, whether by motion to erase or otherwise, it was its duty to erase the case from the docket. The judgment of the Superior Court granting the motion to erase and

dismissing the appeal was the only judgment which that court could have rendered in view of our decisions. *Olmstead's Appeal,* 43 Conn. 110, 115; *Orcutt's Appeal,* 61 Conn. 378, 381, 24 Atl. 276; *Wheeler* v. *New York, N. H. & H. R. Co.,* 71 Conn. 270, 282, 41 Atl. 808. The assignments of error in sustaining the plea in abatement and in abating the appeal are based upon a ruling of the court which does not appear on the record to have been made.

Plaintiff's final assignment of error is in that part of the judgment holding that the respondents recover of plaintiff-appellant their costs taxed at $36. The taxation of costs upon an appeal from probate is a matter within the discretion of the Superior Court in all cases where the court has power to tax costs. *Mathews* v. *Sheehan,* 76 Conn. 654, 665, 57 Atl. 694; *Wight* v. *Lee,* 101 Conn. 401, 126 Atl. 218. JUDGE SWIFT says: "When the defendant properly pleads to the jurisdiction, and judgment is rendered in his favor, he is entitled to costs; but when the suit is erased from the docket, on the motion of the defendant, or by the court, on discovering its want of jurisdiction, no cost is allowed." 1 Revision of Swift's Digest (606). This we cite in *Parmalee* v. *Bethlehem,* 57 Conn. 270, 273, 18 Atl. 94, in support of a judgment that the plea to the jurisdiction was sufficient entitling the defendant to costs. See also *Walko* v. *Walko,* 64 Conn. 74, 77, 29 Atl. 243. The same distinction between the plea to the jurisdiction and the motion to erase is recognized in *Sisk* v. *Meagher,* 82 Conn. 483, 73 Atl. 785, where we say: "Had the want of jurisdiction been so apparent as to found a motion to erase, an order erasing it from the docket would not have carried costs."

The court was in error in that part of the judgment holding that the respondents recover costs of plaintiff-appellant.

There is error in part, the judgment appealed from is modified by striking out the words "and recover of the appellants their costs taxed at $36," and, as thus modified, affirmed.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.