THE FIRST BANK OF CORDOVA *vs.* PAUL LUCCHINI.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 22d—decided June 1st, 1931.

*Lewis J. Somers,* for the appellant (plaintiff).

*Denis T. O'Brien, Jr.,* and *George E. Beers,* with whom, on the brief, was *William L. Beers,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action returnable to the City Court of Meriden, naming a garnishee in the writ. From the officer's return it appears that he served the writ upon the garnishee only six days before the return day and did not serve it upon the defendant at all, as he could not find him. The defendant entered a special appearance and pleaded in abatement lack of proper service upon him. He omitted any prayer for judgment, but later the trial court permitted him to amend the plea so as to include such a prayer and we cannot say the court abused its discretion in this ruling. *Mitchell* v. *Smith,* 74 Conn. 125, 126, 49 Atl. 909. The plaintiff filed a demurrer to the plea, which the trial court overruled. By the charter of the city, as it stood previous to 1923, service of a writ returnable to the City Court upon a defendant living in Meriden was to be made twelve days before the return day but no special provision was made as to the time when process should be served upon a garnishee; Special Laws of 1921, pp. 963, 964; hence the provision of the general statute requiring that such service should be made at least twelve days before the return day was applicable. General Stat-

utes, § 5763. In 1923 the section of the charter dealing with service upon a defendant resident in the city was amended to provide that it should be made not less than six days before the return day; Special Laws of 1923, p. 158; but this would not affect the time required for service upon a garnishee. It follows that, as there was no service upon the defendant and no valid service upon the garnishee, the writ was abatable and the demurrer to the plea in abatement was properly overruled. It is true that the defendant, after the overruling of the demurrer, made a motion for a default against the plaintiff for failure to plead, a motion for a judgment and a motion for a bond to prosecute. So far as appears all these motions were made under his special appearance. The first two were properly regarded by the trial court as being in furtherance of the proceedings in abatement, with a view to securing a judgment upon it. Such a judgment might entitle the defendant to costs; *Walko* v. *Walko,* 64 Conn. 74, 77, 29 Atl. 243; *Sisk* v. *Meagher,* 82 Conn. 483, 74 Atl. 880; *Gill* v. *Bromley,* 107 Conn. 281, 286, 140 Atl. 721; and he was therefore, under his special appearance, entitled to seek a bond to secure them. General Statutes, §§ 5619, 5620. None of these motions constituted such a request for affirmative relief as destroyed the defendant's right to claim the abatement of the process. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 214, 132 Atl. 390.

There is no error.