CATHERINE CHIDLEY
*vs.*
UNION & NEW HAVEN TRUST CO. ET AL.

Superior Court        New Haven County        File No. 58483

MEMORANDUM FILED APRIL 15, 1940.

*William F. Geenty*, of New Haven, for the Plaintiff.
*David M. Reilly*, of New Haven, for the Defendants.

CORNELL, J. It appears that an instrument purporting to be the last will and testament of Stephen H. Moore, late of New Haven, deceased, was admitted to probate in the Court of Probate for the District of New Haven on January 24, 1939, and that the instant appeal from such order or decree was not taken until January, · 1940.

The germ of appellant's alleged aggrievement is stated in paragraph 3 of its appeal as follows: "The subscriber is not an inhabitant of the State of Connecticut, being a resident of the State of California and was not present and did not have legal notice to be present at the time that the order and decree. . . . was made." The controversy as argued by counsel is made to depend upon the construction to be given section 4991 of the General Statutes, Revision of 1930, which provides, in so far as material here: "All such appeals, by those of full age and present or who have legal notice to be present, shall be taken within one month, and, if they have no notice to be present and are not present, then within twelve months."

Counsel treat the matter as presenting the question whether the "legal" notice mentioned therein is equivalent to the "notice" also mentioned to persons not present. However, the appeal does not admit that any notice of any kind was given to the interested parties. It merely recites, in this connection, an

excerpt from the decree of the probate court and then in paragraph 3, quoted *supra*, avers that the appellant had no "legal notice", which is susceptible of the construction that she had no notice of any kind and did not have it because, notwithstanding the statement quoted from the decree of the court of probate, there was never an actual publication as stated therein. In other words, the basis of the contentions of counsel is not present in the record in the absence of an unequivocal statement therein that the only notice given was by publication in New Haven and in the presence of the allegation that there was no "legal notice" to the appellant, which latter assertion, as noted *supra*, admits of proof that there was no publication of any notice, whatever, quite as much as it might otherwise present the question of the legal sufficiency of such notice as was ordered and given. For the distinction see *Gill vs. Bromley,* 107 Conn. 281, 284. The failure of this fact to appear upon the record is fatal to the granting of a motion to erase. *Gill vs. Bromley, supra,* 285; *Paiwich vs. Krieswalis,* 97 Conn. 123, 126.

In so far as the motion purports to attack the appeal because it was instituted more than a month after the order or decree appealed from was made, it is not admissible. That defect can only be assailed in a plea in abatement. *Murphy vs. Elms Hotel,* 104 Conn. 351, 353; *Fuller vs. Marvin,* 107 id. 354, 357.

The fact that the court of probate had jurisdiction of the subject matter and that the order or decree was made incident thereto it, of course, not decisive of the validity of what may have been done, since, obviously this, notwithstanding, may be illegal or injurious in so far as interested parties' interests are concerned.

For the reasons noted, the motion is denied.