EFFIE U. FELLETTER, EXECUTRIX *v.* GEORGE THOMPSON

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 6—decided November 26, 1946

*James N. Egan,* for the motion (representing the plaintiff-appellee).

*Robert McK. Gibson,* against the motion (representing the defendant-appellant).

MALTBIE, C. J.  In this replevin action brought to the Superior Court for New London County the plaintiff sought recovery of an automobile, the value of which she alleged in the complaint to be $800, and claimed, as an alternative to possession of it, $1000 damages for its taking and also $100 damages for its

detention. The Court of Common Pleas has exclusive jurisdiction of all civil actions for legal relief wherein "the matter in demand" exceeds $100 but does not exceed $2500. General Statutes, Sup. 1941, § 808f. The matter in demand in this action was within those limitations; *Wooley* v. *Williams,* 105 Conn. 671, 673, 136 A. 583; *Congregation B'nai Israel* v. *Dymytruk,* 129 Conn. 415, 418, 28 A. 2d 872; *Ludington* v. *Merrill,* 81 Conn. 400, 71 A. 504; *Blakeslee* v. *Murphy,* 44 Conn. 188, 195; and the Superior Court did not have jurisdiction of the action. The defendant made a motion that the case be erased from the docket on that ground. The plaintiff then filed a motion that the action be transferred to the Court of Common Pleas for New London County. Section 5485 of the General Statutes provides in part: "Any civil action brought to the wrong court may, upon motion, be removed to a court having jurisdiction, either before or after the filing of a plea in abatement." The trial court did not act upon the defendant's motion to erase but granted the plaintiff's motion for a transfer of the case and ordered its removal to the Court of Common Pleas. From that order the defendant has appealed. In this court the plaintiff has moved that the appeal be erased because the defendant's motion to erase the action filed in the trial court was not a proper pleading and because the order transferring the case was not a final judgment from which an appeal could be taken.

The test for determining whether a judgment or order is final lies in the answer to the question whether the decision concludes the rights of the parties so that further proceedings cannot affect them. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works,* 108 Conn. 304, 307, 142 A. 838; *State* v.

*Kemp,* 124 Conn. 639, 643, 1 A. 2d 761. Section 5485, from which we have quoted, goes on to provide that, when a case has been properly removed to another court, that court shall have "jurisdiction as though such action had been commenced by process in the usual manner." See *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 46, 166 A. 673. The effect of the statute is that a case so removed is to be tried, and the rights of the parties determined, in that court as though originally begun there. See *Wooley* v. *Williams,* supra. If this case was properly removed, the defendant might establish that the plaintiff is not entitled to judgment; its rights have not been concluded by the order of removal; and that order was not such a final judgment as would permit an appeal.

The defendant, however, argues that the words of § 5485 which authorize a removal "either before or after the filing of a plea in abatement" do not permit application of the statute to an action where the defendant has filed a motion to erase for want of jurisdiction before the order of removal is made, as in this case. Section 5506 of the General Statutes provides: "If the defendant shall desire to plead to the jurisdiction or in abatement, or both, he shall take such exceptions in one plea, substantially in the following form: The defendant pleads in abatement, because (Here state all the particular exceptions to the jurisdiction, and causes of abatement . . . .)" It apparently was the intent of the statute that objections to jurisdiction should be raised by plea in abatement. It has, however, been a quite general practice to move to erase a case from the docket, instead of pleading in abatement, where want of jurisdiction appears on the record; we have recog-

nized that such motions are better procedure in such cases than pleas in abatement; *Michelin* v. *MacDonald,* 114 Conn. 582, 583, 159 A. 636; and see, e.g., *Ragali* v. *Holmes,* 111 Conn. 663, 151 A. 190; and we have distinguished between them and pleas in abatement in holding that the latter are necessary if facts are relied upon which do not appear in the record, and that costs are not recoverable upon the granting of the motion but are upon the sustaining of the plea. *Sisk* v. *Meagher,* 82 Conn. 483, 74 A. 880. The sanction for that course lies in the fact that, if the question whether there is a lack of jurisdiction of the subject matter of an action comes to the attention of the court, it can proceed no further until the matter is determined; it is of no consequence how it is suggested; and the court may even act suo motu. *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524, 84 A. 307; and see *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 124, 32 A. 2d 639. Under § 5506, it is, however, proper to raise any question of want of jurisdiction by plea in abatement. *Leventhal Furniture Co., Inc.* v. *Crescent Furniture Co., Inc.,* 121 Conn. 343, 347, 184 A. 878.

Section 5485, in referring to any civil action "brought to the wrong court" necessarily includes an action brought to a court without jurisdiction to determine it. When the legislature in its grant of power to remove a case used the words "either before or after the filing of a plea in abatement," it presumably had in mind the provisions of § 5506. However that may be, the effect of § 5485 is to extend the jurisdiction of the court over a case which it would not have power to determine so far as to authorize it to order a removal. *Wooley* v. *Williams,* supra. There is nothing in the nature of the proceeding

which, even if the quoted words were omitted, would prevent the court from ordering a removal after a plea in abatement had been filed but before it had been acted upon; and that is also true as regards a motion to erase the case for want of jurisdiction. The mere filing of the motion does not destroy the jurisdiction given the court by the statute. If that filing would prevent the removal, it would lie in the power of a party in many instances to defeat the purpose of the statute by raising the issue of jurisdiction in that way, rather than by plea; and the legislature could not have intended such a result. We cannot read the quoted words as limiting the right of removal to cases where a plea is filed, or interpolate into the statute a restriction that a case cannot be removed merely because a motion to erase on the ground of lack of jurisdiction has been filed but has not been acted upon. The trial court properly ordered the removal of the action to the Court of Common Pleas, and as the rights of the parties can be fully determined in that court, the order of removal was not a final judgment permitting an appeal. There is nothing in the opinion in *Fowler* v. *Bishop,* 32 Conn. 199, cited by the defendant, which is contrary to our conclusion in this case.

The motion to erase the appeal is granted.

In this opinion the other judges concurred.