### Hazel Cole's Appeal From Probate (Estate of Ferris Cole)

SUPERIOR COURT      LITCHFIELD COUNTY      FILE No. 13499

Memorandum filed December 8, 1952.

*Michael V. Blansfield,* of Waterbury, for the Plaintiff.

*Carmody, Larkin & Torrance,* of **Waterbury,** special appearance for plea in abatement.

MOLLOY, J. On October 16, 1952, this court (*Molloy, J.*) sustained the demurrer to the plea in abatement of the Colonial Trust Company, administrator of estate of Ferris Cole. The bank now seeks permission to amend the plea in abatement in accordance with the amended plea in abatement filed with this motion, which adds the language necessary to correct the defect in the former plea. So the immediate decision to be made by this court is not as to the soundness of the reasons alleged as the basis of the amended plea in abatement to the appeal, but rather as to whether or not the defective plea in abatement may now be amended.

It is the contention of the appellant that no amendment to a plea in abatement may be made after a ruling has been had declaring the plea defective unless provided for under §§ 7846 and 7847 of the General Statutes. And certainly not where the plea would act as a bar to a trial of the cause on its merits. "The plea cannot be amended after the time for filing has expired, except by leave of court. Granting such leave is a matter of discretion, never to be exercised favorably unless an allowance of the amendment would really serve the ends of justice. . . . The plea did not contain a prayer for judgment, and for this reason was undoubtedly bad. [T]he defendant asked permission to amend her plea by stating a prayer for judgment. It is patent that to allow this amendment (which the defendant has no right to make) for the sole purpose of preventing the court from determining on its merits a cause properly before it, cannot really serve the ends of justice." *Mitchell* v. *Smith,* 74 Conn. 125, 126, 127.

In *First Bank of Cordova* v. *Lucchini,* 113 Conn. 770, 771, the prayer for judgment was omitted, "but later the trial court permitted [the defendant] to

amend the plea so as to include such a prayer and we cannot say the court abused its discretion in this ruling." The plaintiff had filed a demurrer to the plea, which the court overruled. *Guglielmino* v. *Guglielmino,* 16 Conn. Sup. 442, decided that the question of residence in a divorce action is not to be determined upon a plea in abatement, for to do so would deny the plaintiff the right to try his case upon its merits. So it is the law that to allow the amendment "for the sole purpose of preventing the court from determining on its merits a cause properly before it" cannot serve the ends of justice. *Mitchell* v. *Smith,* supra, 127; *Ansonia Foundry Co.* v. *Bethlehem Steel Co.,* 98 Conn. 501, 505.

It is, therefore, for the court to determine what issues are involved in this case by a reference to the reasons of appeal, to determine whether or not there would be, by allowing the amendment, a preclusion of the parties from contesting the cause upon its merits: Is that the intent of this proposed amendment?

The plea in abatement questions Hazel Cole's role as an aggrieved person and as having a pecuniary interest as such appellant. There is a serious question as to the appellant's coming within the character of an aggrieved person, and such a plea in abatement might terminate the cause without further ado. And the court has been inclined to allow the requested amendment for that reason. But aside from the so-called "smoke screen," as claimed in argument, the court as it examines the reasons of appeal does not want to preclude a determination of the questions raised by these reasons by summarily deciding the true role of the appellant on the plea in abatement. Whether the reasons of appeal are "much ado about nothing" remains to be seen. Perhaps it is the wiser course, therefore, not to permit the plea to be amended. The motion so to do is denied.

Walter R. Griffin has been appointed successor guardian of the estates of the three heirs-at-law of the deceased Ferris Cole, namely, Brian Alton Cole, Frank Edwin Cole, and Bruce Alan Cole, by the Probate Court for the district of Woodbury. With that amendment to the motion for permission for the guardian to appear and be substituted for the mother, natural guardian and next friend of said infant children, it is granted.