HERBERT E. ZWECKER *v.* JAMES ANTONACCI, JR., ET AL.

CIRCUIT COURT                    EIGHTH CIRCUIT
                                 FILE NO. CV 8-641-2422

Memorandum filed August 9, 1965

*Edward N. Shay,* of New Haven, for the plaintiff.

*B. Fred Damiani,* of New Haven, for the defendants Volta.

*Gamm, Liebman & Rashba,* of Hamden, for the defendants Antonacci.

KOSICKI, J. The defendants Anthony Volta, Sr., his wife and Anthony Volta, Jr., have appeared specially and have filed a "Plea to the Jurisdiction." An examination of the file reveals that a tort action was commenced originally by Herbert E. Zwecker

against James Antonacci, Jr., and his parents, James Antonacci, Sr., and Rachel Antonacci. The suit was made returnable to the first Tuesday of February, 1964. After pleadings were closed and the case claimed for the court trial list, the plaintiff moved, on May 19, 1965, to cite in the Voltas as parties defendant. An order and summons were issued by the court in accordance with Forms Nos. 239 and 242 of the Practice Book, and pursuant to General Statutes § 52-107 and Practice Book § 65. An amended complaint was annexed, as required by the order, and the officer's return shows an abode service on May 20, 1965, on all of the parties at the same address in West Haven. The date of the order was May 20, summoning the parties to appear on May 26, and that service be made at least six days before that date.

On May 26, a plea in abatement was filed on behalf of the Voltas. The grounds alleged were (1) that the writ, summons and complaint served on these defendants were "returnable" to a Wednesday, May 26, 1965, and failed to meet the requirement of General Statutes § 52-48a that process in all civil actions, except summary process, brought to the Circuit Court shall be made returnable on any Tuesday of any month, and (2) that leaving the papers between the storm and kitchen door, at the premises, was not a proper abode service. The plea was overruled. The court in its memorandum of decision concluded that the stated address in West Haven was the home and usual place of abode of said defendants and that the manner of service complied with § 52-54.

On June 19, 1965, the defendants filed a "Plea to the Jurisdiction" alleging the same ground as under (1) in the plea in abatement, and further alleging that Anthony Volta, Jr., did not reside at

the named address in West Haven but lived, at that time, in Hamden. As to the first ground, although it was not passed on specifically in overruling the plea in abatement, it must have been included in the ruling on that plea. In any event, the claim of the defendants is not valid. There is only one cause of action. The amended copy of the complaint did not constitute a new civil action, process in which was subject to the provisions of § 52-48a. New parties may be cited in upon order of court at any time in the course of an action, provided they receive due notice and a reasonable time to prepare their particular claims or defenses. See, e.g., *Fish* v. *Smith,* 73 Conn. 377, 385.

As to the second ground, the defendant Anthony Volta, Jr., has apparently misapprehended the nature of his remedy. Matters of jurisdiction as to subject matter may be raised at any time. But where, as in this case, the jurisdictional defect claimed is simply lack of service, the proper pleading is a plea in abatement and not to the jurisdiction. Under our present rules, the former "plea in abatement and to the jurisdiction" (Practice Book, 1951, § 80 & n.) has been replaced by a plea in abatement; Practice Book § 74; and, by general practice, a motion to erase. The distinction between the two is clearly set out in *Felletter* v. *Thompson,* 133 Conn. 277, 279: "It apparently was the intent of the statute that objections to jurisdiction should be raised by plea in abatement. It has, however, been a quite general practice to move to erase a case from the docket, instead of pleading in abatement, where want of jurisdiction appears on the record; we have recognized that such motions are better procedure in such cases than pleas in abatement; *Michelin* v. *MacDonald,* 114 Conn. 582, 583 . . . ; and see, e.g., *Ragali* v. *Holmes,* 111 Conn. 663 . . . ; and we have distinguished between them and pleas in abatement

in holding that the latter are necessary if facts are relied upon which do not appear in the record, and that costs are not recoverable upon the granting of the motion but are upon the sustaining of the plea. *Sisk* v. *Meagher,* 82 Conn. 483 . . . . The sanction for that course lies in the fact that, if the question whether there is a lack of jurisdiction of the subject matter of an action comes to the attention of the court, it can proceed no further until the matter is determined; it is of no consequence how it is suggested; and the court may even act suo motu. *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524 . . . ; and see *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 124 . . . . Under . . . [§ 52-91], it is, however, proper to raise any question of want of jurisdiction by plea in abatement. *Leventhal Furniture Co., Inc.* v. *Crescent Furniture Co., Inc.,* 121 Conn. 343, 347 . . . ."

The present plea, however entitled, is a plea in abatement. As such, it is not timely filed. "Obviously, if the claim as to the defect in service could successfully have been raised at all, it would have been by a plea in abatement seasonably filed in accordance with the provisions of . . . [Practice Book, 1963, § 76]." *Guerriero* v. *Galasso,* 144 Conn. 600, 604. This the defendant Anthony Volta, Jr., has failed to do. It is not intended to indicate what, if any, remedy may be now pursued by this defendant or the plaintiff. This defendant of course is fully apprised of the facts in the case, for he is represented by the same counsel as his parents, two of the other codefendants. It may be reasonably assumed that he has actual notice and not the mere constructive notice that follows abode service.

The plea is overruled.