[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Appellants Eugene J. Frechette, Jr., Joseph C. Frechette, Roger J. Frechette and Nancy R. Fleming, have filed this appeal from the actions of the Probate Court of the District of West Haven, which on July 29, 1996, denied their Motion for Reconsideration, Modification and Revocation of Decree, granting Administration Account, dated February 26, 1996. In their motion for reconsideration, modification and revocation, the parties claimed that the Probate Court erred in failing to give notice of the administration of the estate to certain of its heirs; namely, Eugene J. Frechette, Joseph C. Frechette, Roger Frechette and Nancy Fleming; and in approving an allowance of expenses and fees for the administration of the estate which they consider to be excessive when viewed in the context of the size of the estate.
In this appeal the appellants seek an order directing the Probate Court to reconsider the matter, and the appellees seek a ruling affirming the ruling of the Probate Court. The record of the Probate Court is a full exhibit in this appeal.
When entertaining an appeal from an order, or decree of a Probate Court, the Superior Court takes the place of and sits as the Court of Probate. Satti v. Rago, 186 Conn. 360, 365, 441 A.2d 615 (1982). In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. Slattery v. Woodin, 90 Conn. 48, 50-51, 96 A. 178 (1915).
"The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo." Kerin v. Stangle, 209 Conn. 260, 263-64, 550 A.2d 1069
(1988). Thereafter, upon "consideration of all evidence presented on the appeal which would have been admissible in the Probate Court, the superior court should exercise the same power of judgment which the Probate Court possessed, and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." Prince v.Sheffield, 158 Conn. 286, 298, 259 A.2d 621 (1969); Andrews v. Gorby,
CT Page 6960237 Conn. 12, 16, 675 A.2d 449 (1996).
In its Memorandum of Decision denying the parties' motion for reconsideration, modification and revocation, the Probate Court stated, inter alia, that it was after the giving of private notice to known parties and public notice published in the New Haven Register that the court held a hearing on May 20, 1992, and on June 29, 1992, concerning the issuance of Letters of Administration. The names of appellants Eugene J. Frechette, Jr., Joseph C. Frechette, Nancy R. Fleming and Roger J. Frechette were not known to the fiduciary administrators at this time. The Probate Court stated further that after due notice a Guardian Ad Litem for Unknown and Undetermined Heirs was appointed who was authorized on November 8, 1993, to contract with Corkery Genealogical Services, Inc., to locate the heirs of this estate.
 I Factual Background
Peter E. Crowley died on February 25, 1992. On February 28, 1992, the Probate Court for the District of West Haven appointed Bruce Kerzner and Hugh Graham as temporary co-administrators of the estate and Gary Ginsberg as their attorney. On April 22, 1992, the Probate Court issues an Order of Notice that a hearing will be held on May 20th on Bruce Kezner's Application for Letters of Administration for the estate. This Order of Notice ordered Notice by Publication in the New Haven Register, and by mail to certain individuals not including the heirs who were unknown at that time.[1] Full Letters of Administration were issued later to Bruce Kerzner and Hugh Graham approving their appointment as fiduciaries of the estate. On April 29, 1992, the Probate Court appointed Attorney Peter C. Barrett as Guardian Ad Litem for Unknown and Undetermined Heirs of the estate.
On October 8, 1993, Attorney Peter Barrett filed a motion for expenditure of estate funds for the purpose of locating heirs of the estate. The motion set out proposals for the payment of a fee to Corkery Genealogical Services, Inc., to locate the heirs. One proposal was based upon a flat rate of $50 per hour; the other based upon 35 percent of the value of the estate.
On October 8, the Probate Court entered an order that a hearing be held on the Motion for Expenditure of Estate Funds on November 8, 1993. The court further ordered that notice of the November hearing be given by mail to certain institutions and individuals. The petitioners' names were not included among those who were ordered to receive notice of the hearing.
At the hearing on November 8, 1993, the Probate Court issued an order CT Page 6961 granting the Motion for Expenditure of Estate Funds, and authorized the payment of 35 percent of the value of the estate to Corkery Genealogical Services, Inc., as the fee for locating heirs of the estate.
On October 2, 1995, an Affidavit of Heirs was filed in the Probate Court by Administrators Bruce Kerzner and Hugh Graham listing the following persons as heirs:
 Bernadine M. Flood, second cousin Benevive Maher Marks, second cousin Ella Maher Niesyn, second cousin William E. Low, second cousin Nancy Ready Fleming,
second cousin Eugene J. Frechette, second cousin Roger J. Frechette, second cousin
(Emphasis added.)
Appearing in the records of the estate is a Summary of Account for the estate of Paul E. Crowley for the "Period 7/15/92 Through 8/15/95" showing, iter alia, "Proposed Distribution to Beneficiaries." Listed among the proposed beneficiaries are Nancy Ready Fleming, Eugene J. Frechette, and Roger J. Frechette. Listed as part of the "Disbursements to Principal" for the estate for the "Period of 7/15/92 Through 8/15/95" in the disbursement column under the date of August 18, 1995, is the amount of $37,080 to Corkery Genealogical, Inc.
On September 28, 1995, the Probate Court issued an order upon Application for Allowance of the Final Account, and for an order of distribution, scheduling the hearing thereon for October 16, 1995, and requiring notice thereof to be given by mail to Bruce Kerzner; Gary Ginsberg, Esq., petitioner's attorney; Hugh Graham, Administrative Services; Veterans Home Hospital; the Administrator of Veterans Affairs Peter Barrett, Esq.; Milton Spitzbard; Ann Ryan; Genevieve Marks; Anthony Ryan; William Low; Ella Niesyn; Bernadine Flood; Nancy Ready Fleming, 28Winesap Circle, Rocky Hill, Connecticut; Eugene J. Frechette, Jr., M.D.,1441 Chapel Street, New Haven, Connecticut; and to Roger J. Frechette,987 Alden Avenue, New Haven, Connecticut. (Emphasis added.) The court ordered that notice be provided on or before October 5, 1995.
In the record is a copy of an envelope from the Probate Court post marked and addressed to Roger J. Frechette, Esq., 987 Alden Avenue, New Haven, Connecticut 06515, with the notation "returned 10-5-95," and what appears to be stamped "attempted not known" on the envelope.
On October 30, 1995, the Probate Court issued its order which approved the account. The Decree re' Administration and Distribution of the Account noted August 23, 1995, as the date of administration of the CT Page 6962 account. In the memorandum on which the order was issued the court found that "notice was given in accordance with the order of notice previously given" and that the order approving the account was issued "after due hearing".
 II Notice
As stated earlier, Roger Frechette claims on behalf of himself, and as counsel for appellants Joseph C. Frechette, Eugene J. Frechette and Nancy Fleming, that the Probate Court erred in approving the administration of the estate without giving actual notice then, and that the fee approved by the Probate Court for locating heirs was too high. On the notice issue, he notes that the addresses for Eugene J. Frechette, and for himself, are inaccurately stated on the order of notice for the October 30, 1995 hearing. Attorney Roger Frechette also notes that Corkery Genealogical, Inc., identified him as an heir and gave his accurate address to Attorney Peter C. Barrett in January of 1994. The appellants claim that inasmuch as their actual addresses were ascertainable by the Administrators and the guardian ad litem, they should have received actual mail notice of the October 30, 1995 hearing on the approval of the Final Account.
In reviewing the notice claim, the court finds no fault with the notice published prior to the ascertainment of who the heirs and beneficiaries are in this estate. That notice was published in the New Haven Register shortly before May 20, 1992 — the date of the first hearing addressed to the issuance of Letters of Administration. Thus, legal notice was given to persons who have an interest in this case. Haverinv. Welch, 129 Conn. 309 (1942). See also Gill v. Bromley, 107 Conn. 281,284 in which the Supreme Court stated "[t]he giving of the notice required by law is a legal notice to all persons interested in the estate, whether they have actual knowledge of the proceedings or not"Id., at 284.
Nevertheless, the court is concerned about the duty, required by the rules of the Probate Court, to provide actual notice to the ascertained heirs, and beneficiaries. As stated earlier, an affidavit identifying the heirs was filed in the Probate Court on October 2, 1995.
An examination of the Rules of Practice and Procedure of the Courts' of Probate, is instructive in analyzing the petitioners' concern about notice. Rule 1.2 requires that the petitioner for letters of administration:
. . . shall have the burden of ascertaining the names and addresses of all Heirs and of proving to the CT Page 6963 satisfaction of the judge of probate that he or she used all proper diligence to discover such names and addresses. The judge of probate may, in his or her discretion, require specific acts to be done by the Petitioner in order to ascertain and locate any person who may be entitled to MAIL NOTICE . . .
Rule 1.2 requires further that:
. . . MAIL NOTICE of the proceedings shall be given to all Heirs whose addresses are known to, or reasonably ascertainable by, the party giving notice.
Rule 1.3 requires that:
 notice by mail be given to all beneficiaries when a will is contested.
Rule 1.4 states in part that:
 ". . . the PETITIONER or fiduciary must provide the judge, clerk or assistant clerk with the name and address of each person entitled to MAIL NOTICE and NOTICE OF DECREE under Rules 1.2 and 1.3."
Clearly, the Rules of the Probate Court required that the Petitioners for the Letters of Administration as well as the Guardian Ad Litem for Unknown and Undetermined Heirs ascertain the addresses of the heirs and beneficiaries, including those of Roger Frechette and Eugene Frechette, so that they could have received advance notice of the October 30, 1995 hearing. In this regard, it should be noted that an examination of the probate file would have disclosed that the letter of notice to Roger Frechette, Esq., had been returned as undeliverable to him at the address specified thereon. This should have alerted those obligated to provide the address for the giving of notice that further research (e.g. examining the local telephone directory) should have been done to locate his address. An examination of local sources for ascertainment of addresses is not beyond what would be reasonable. See Hatch v. Connecticut Bank Trust Company, 26 Conn. Sup. 435, 438 (1966) — a case in which the court itself located the address of an heir in a local directory.
Because the notice by mail of the hearing on the Final Account apparently was sent to the incorrect addresses of Eugene Frechette and Roger Frechette, they did not have actual notice of the hearing. It is claimed that Nancy Fleming did not have actual notice; however, according to the court record notice was sent to her at 28 Winesap Circle, Rocky CT Page 6964 Hill, Connecticut. It is clear that Joseph Frechette did not have actual notice prior to the Final Account because he was not located until then. The distribution was amended to reflect his share of the estate.
It is unfortunate that once identified as heirs, Eugene Frechette and Roger Frechette did not receive actual notice by mail of the hearing on the final account. Nevertheless, as articulated in Gill v. Bromley,
supra, legal notice was given in this case. The court now shall turn its attention to the matter of the fee paid to Corkery Genealogical, Inc.
 III Fee To Corkery Genealogical, Inc.
The record indicates that the Probate Court on November 8, 1993, issued the order approving the expenditure of estate funds on the contingent fee basis payable to Corkery "if one or more heirs are located." Corkery found seven heirs, including three of the appellants here, and was therefore entitled to the fees pursuant to the terms of the contract. At the time of the hearing on the expenditure of estate funds for genealogical services on November 8, 1993, there were no known heirs, but their interest was represented by the court's appointed guardian, Peter Barrett.
Since the appellants have not expressed any objection to any other parts of the final account and have withdrawn their objection to the fees paid to the fiduciaries and their attorney, it is clear that their sole objection to the final account concerns their claim that the fee of $37,080, or 35 percent of the net distributable value of the estate, is excessive. It is the payment of this fee which the appellants wish to address and modify.
The record indicates that the payment of the fee to Corkery was made by an authorized court order of November 8, 1993, and that the fee was paid on November 17, 1995. Thus it is clear that the assets reflected in the payment of the fee were transferred from the estate well in advance of the Motion for Reconsideration, Modification and Revocation of Decree. That motion was filed on February 26, 1996.
The relief which the appellants seek — namely, an order directing the Probate Court to reconsider the award of the fee for the purpose modifying it — this court is statutorily prohibited from providing. The power of this court is limited in this regard by General Statutes § 45a-128 (e) which provides in part that "a decree or order made in reference to any estate may not be modified or revoked by a courtof probate as to assets lawfully transferred or distributed prior to thedate of issuance of notice of hearing on a motion or application forreconsideration of such decree or order. . . ." (Emphasis added). Since CT Page 6965 the record is clear that 35 percent of the assets had been "lawfully transferred" as payment to Corkery prior to the filing of the appellants' motion for reconsideration and revocation, this court is prohibited by said statute from issuing an order that may affect said payment.
For the foregoing reasons, the order of the Probate Court denying the Motion for Reconsideration, Modification and Revocation of Decree is affirmed.
Clarance J. Jones, Judge
 End Note [1]
1a) Re: Hearing for Application for Letters of Administration.
 On April 22, 1992, the Probate Court issued an Order of Notice stating that on May 20, 1992, a hearing will be held on petitioner Bruce Kerzner's Application for Letters of Administration for the late Paul Crowley. This order ordered notice by publication in the New Haven Register, and by mailing to Bruce Kerzner, Gary Ginsberg, Esq., petitioner's attorney, Hugh Graham, Administrative Services, Veterans Home Hospital, and to the Administrator of Veterans Affairs.
The Return on this Order states that notice was given on April 2, 1992.
1b) Order of Notice and Return of June 3, 1992.
 On June 3, 1992, the Probate Court ordered that the Application or Letters of Administration be heard on June 29, 1992, and ordered notice by mail to Bruce Kerzner, Gary Ginsberg, Esq., petitioner's attorney, Hugh Graham, Administrative Services, Veterans Home Hospital, and to the Administrator of Veterans Affairs. The aforesaid individuals, as well as to Milton Spitzbard, Ann Ryan and Anthony Ryan.
1c) Order on petitioner's Application for Authorization for Expenditure of Estate Funds — Corkery Genealogical, Inc.
 On October 8, 1993, the Probate Court ordered that a hearing be held on November 8, 1993, on the application of Peter C. Barrett, guardian ad litem for unknown and undetermined heirs, for the expenditure of estate funds for the purpose of retaining genealogical services from Corkery Genealogical, Inc., to locate unknown heirs of the CT Page 6966 estate.
 The court further ordered that notice of the hearing be given by mail to Bruce Kerzner, Gary Ginsberg, Esq., petitioner's attorney, Hugh Graham, Administrative Services Veterans home Hospital, the Administrator of Veterans Affairs, Peter Barrett, Esq., Milton Spitzbard, Ann Ryan and Anthony Ryan.
1d) Order on Motion for Expenditure of Estate Funds
 On November 8, 1993, the Probate Court issued an order authorizing the co-administrators to retain Corkery Genealogical, Inc. to locate the heirs of the estate at a fee of 35 percent of the value of the estate.
Order of Notice and Return regarding Final Account
 On September 28, 1995, the Probate Court issued an order upon Application for Allowance of the Final Account and for an order of distribution, scheduling the hearing thereon for October 16, 1995, and requiring that notice thereof be given by mail to Bruce Kerzner; Gary Ginsberg, Esq., petitioner's attorney; Hugh Graham, Administrative Services; Veterans Home Hospital; the Administrator of Veterans Affairs; Peter Barrett, Esq.; Milton Spitzbard; Ann Ryan; Genevieve Marks; William Low; Ella Niesyn; Bernadine Flood; Nancy Ready Fleming, 28 Winesap Circle, Rocky Hill, Connecticut; Eugene J. Frechette Jr. M.D. 1441 Chapel Street, New Haven, Connecticut; and to Roger J. Frechette, 987 Alden Avenue, New Haven, Connecticut.