EDWIN F. LOOMIS *vs.* THE NORMAN PRINTERS SUPPLY COMPANY.

Third Judicial District, Bridgeport, October Term, 1908.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Questions of fact upon which but one conclusion is reasonably possible, need not be submitted to the jury for its determination; and it is upon this principle that the trial court may in certain cases direct a verdict.

The question of what is a reasonable time within which to perform a contract is ordinarily one of fact for the determination of the jury in view of all the attendant circumstances; although a period of time might be suggested, in a given case, so long or so short as to warrant the court itself in declaring it unreasonable.

In the present case the defendant sold to the plaintiff certain printing-presses and machinery which it agreed to deliver "about June, 1906." *Held:—*

1. That the trial court correctly charged the jury that the defendant had the month of June and a "reasonable time" thereafter in which to make delivery, and properly left it to them to determine whether, under all the circumstances of the case, a delivery made July 6th was within such time or not.

2. That in determining what constituted a reasonable time, everything which helped to indicate the intention, expectation or understanding of the parties, including any conversations between them on that subject, and any agreements, directions, acts or conduct, as well as the nature, character and magnitude of the work involved preparatory to shipment, was admissible in evidence.

The defendant contended that the nominal purchase price of the machinery ($970) to be furnished by him, included $250 due him from the plaintiff on a prior partially-executed contract which had been rescinded by mutual agreement, and made this the basis of a counterclaim. *Held* that the defendant's right to recover the $250 as an indebtedness on the original contract had been merged in the subsequent agreement, but that his contention, if proved, had a bearing upon the question of damages recoverable by the plaintiff, if he should be found to be entitled to a verdict, and therefore its effect in that contingency should have been pointed out and explained to the jury.

In an action to recover damages for a breach of contract, interest is to be computed from the date of the breach, not from the date of the contract.

While a party acts within his legal rights in calling the attorney of his adversary to testify to matters which are not confidential or privileged, yet the practice is one which ought to be confined to cases of reasonable necessity.

A statement made in a pleading which has been withdrawn is as competent evidence of an admission as a like statement made in any other manner would have been.

Argued October 27th—decided December 18th, 1908.

ACTION to recover damages for a breach of a contract of conditional sale, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for the plaintiff for $696, and appeal by the defendant. *Error and new trial ordered.*

September 16th, 1905, the defendant made a conditional sale to the plaintiff of two printing-presses and a paper-cutter. June 2d, 1906, and before the terms of this contract had been fully executed, it was by mutual agreement rescinded and a new contract of that date entered into. This contract, like the former, was a conditional sale of certain presses, printers' machinery and equipment, whose rental and purchase price was fixed at $970. The defendant claimed that into this amount there entered the sum of $250, agreed by the parties to have been due the defendant under the surrendered contract. This sum of $970 was to be paid, to the extent of $645, by goods sold and to be delivered by the plaintiff to the defendant, and the plaintiff was to give the defendant his monthly instalment notes, thirteen in number, each for $25 and payable on the 9th day of each of the following months, beginning with July 9th, 1906. The contract provided that the defendant should make delivery of its articles "boxed on cars at its factory about June, 1906." The notes were given as agreed, and the articles to be received from the plaintiff were all sent to and received by the defendant, excepting one press.

The articles which the defendant agreed to deliver to

the plaintiff have never been delivered. July 6th, 1906, the plaintiff's attorney wrote the defendant a letter, duly received, in which the defendant was charged with a breach of the agreement by reason of its delay in delivery, and informed that the plaintiff declined to accept the goods and would not receive them if shipped. The letter demanded payment of the $645 and threatened suit. The defendant claimed to have shown that immediately upon the execution of the contract it commenced to put the machinery ordered into condition for shipment; that on June 8th, 1906, it received a telegram, followed by a letter, directing that shipment be withheld and requesting changes in the contract; that when the letter of July 6th was received the goods were ready for shipment, and that by reason of the plaintiff's refusal to accept the goods therein contained, which has been since persisted in, they have, save a single small article, remained unshipped and in the defendant's hands subject to the contract. The plaintiff testified that in June, and subsequent to the 8th, he wrote to the defendant a number of unanswered letters requesting shipment.

Upon the trial the plaintiff claimed that the defendant had broken the contract by not delivering according to its terms. The defendant claimed that the period within which it was entitled to ship the goods pursuant to the contract had not expired when the letter of July 6th was received, that it was thereby prevented from carrying out its terms, which it stood ready to carry out and otherwise would have carried out, and that the plaintiff's unlawful conduct alone had been responsible for the nonexecution by the defendant of the terms of the contract.

None of the notes have been paid.

The defendant filed a counterclaim in which it was set up that at the time of the execution of the contract in suit the plaintiff was indebted to the defendant, as the parties agreed, in the sum of $250 under the terms of the

previous contract which was cancelled, that this sum was included as a part of the consideration of the later contract, and that the same had not been paid. Judgment for the recovery of this sum, or of so much thereof as was in excess of the plaintiff's claim, was asked.

The requests to charge and instructions given, in so far as they are involved in the questions discussed, are sufficiently stated in the opinion.

*Richard H. Tyner*, for the appellant (defendant).

*George E. Beers*, with whom was *Charles H. Harriman*, for the appellee (plaintiff).

PRENTICE, J. Numerous errors are assigned. Only those relating to a few subjects, however, call for consideration.

The court was asked to instruct the jury, in substance, that the words "about June, 1906," used in the contract between the parties to define and limit the time within which the defendant was to make delivery of the printers' machinery and equipment which were the subject of the contract, in the absence of a peculiar trade meaning to be attached to them, were to be taken in their ordinary meaning; that this meaning fixed the time as any time in June, 1906, or a reasonable time thereafter, and that any time during the succeeding month of July might be and was to be regarded as such reasonable time, so that if the defendant was ready and willing to make the delivery at any time within the latter month and was prevented from so doing by the plaintiff's refusal to accept the goods, the plaintiff could not recover. The court charged that by the terms of the contract the defendant had the month of June and a reasonable time thereafter within which to make the delivery, and left to the jury the determination of the question of what was a reasonable time in view of all the circumstances.

The court did not err either in declining to charge as requested, or in charging as it did. What is a reasonable time under the circumstances in any given case, is a question for the jury. *Tomlinson Carriage Co.* v. *Kinsella*, 31 Conn. 268, 273; *Cohen* v. *Pemberton*, 53 id. 221, 235, 2 Atl. 315, 5 id. 682; *Oley* v. *Miller*, 74 Conn. 304, 310, 50 Atl. 744. It is not, however, to be understood that a period of time might not be so short or so long that a court would, under proper conditions, be justified in declaring it unreasonable. *Kellogg* v. *Denslow*, 14 Conn. 411, 426; *Maher* v. *The People*, 10 Mich. 212, 224. Questions of fact upon which but one conclusion is reasonably possible need not be submitted to the jury for its determination. The court may, in such case, assume or declare to the jury the conclusion which could not be reasonably avoided by them and which, if not made, would justify the court in setting aside its verdict. In so doing the province of the jury is no more invaded than it is when a verdict is directed. *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 71 Atl. 356. "Whether there be *any* evidence, is a question for the judge. Whether *sufficient* evidence, is for the jury." *Company of Carpenters* v. *Hayward*, 1 Dougl. Rep. 374, 375; *Regina* v. *Smith*, Leigh & Cave Cr. C. 607. So, under the circumstances of the present case, had the defendant asserted that the reasonable time succeeding June 30th, 1906, within which it was entitled to perform its undertaking, justified it in delaying delivery for one, five, or ten years, it would be idle to say that the court could not have dismissed the claim as palpably beyond the limits of reason. And on the other hand, a claim might conceivably have been made which was so narrow in its limitation of reasonable time that the court would have been justified in giving it its true character. *Kellogg* v. *Denslow*, 14 Conn. 411, 426. Here the court was asked to say that the reasonable time in the situation presented gave the defendant the whole month succeeding June. Clearly it could not have

complied with the request without withdrawing from the jury a question upon which the latter reasonably might have reached a contrary conclusion. What the court properly might have said with respect to shorter periods pertinent to the case we have no occasion to inquire, since error will not ordinarily be imputed to a failure of a court to exercise the full measure of its powers under such conditions.

But the court made certain rulings excluding evidence offered by the defendant which had a direct bearing upon a determination of the question of what was this reasonable time which it had for delivery under the contract. The question was one which was to be determined by all the circumstances. Among the circumstances thus to be taken into consideration was anything which tended to indicate the intention, expectation or understanding of the parties, including any conversations between them upon the subject, agreements, directions, acts or conduct. *Tomlinson Carriage Co.* v. *Kinsella*, 31 Conn. 268, 273. Other relevant circumstances were the subject-matter, the conditions existing, and the nature, character and extent of the things involved in the undertaking. The defendant offered evidence of a conversation between the plaintiff and the defendant's president and representative upon the occasion when the contract was signed, as to the time when delivery was contemplated; of directions then given by the plaintiff as to the delivery, and as to an explanation then made why indefinite language was used in fixing the date of delivery. All this evidence, which might have been very significant of what was to be regarded as a reasonable time following June 30th within which the defendant might ship the goods, was wrongfully excluded. The defendant also offered to show that preparatory to shipment certain work was required to be done on or about the articles specified in the contract, a part of which is described therein as rebuilt and re-equipped

presses and machinery. This evidence was not received. It would, however, have been distinctly pertinent had it appeared that this work was of considerable magnitude and of such a character that the parties must have contemplated it and contracted with reference to it. The court was evidently laboring under the mistaken impression that the effect of the excluded evidence would be to vary the written agreement. Its real importance as an aid to interpretation was overlooked to the defendant's harm.

The defendant complains of certain of the instructions of the court with respect to its right to recover upon its counterclaim, in the event that it should be found that the plaintiff and not the defendant broke the contract in suit. The court was right in so far as it told the jury that the defendant's rights under the former contract, including that to the $250, if due thereunder as claimed, became merged in the new contract, that the sum in question entered into this substituted contract as a part of its consideration on the defendant's part, and that the defendant's rights arising from the plaintiff's breach of its terms were confined to the damage resulting therefrom and did not extend to a recovery of any sum which might have been due to the defendant upon the original contract at the time of its cancellation as such. It was also right, save in one respect hereafter noticed, when it charged, in effect, that the plaintiff in the event of a breach of the contract by the defendant was entitled to a verdict for the value of the articles agreed to be delivered to the plaintiff by the defendant and not delivered, less the amount of the notes, together with interest from June 2d, 1906. The fact that the defendant claimed that the nominal price of the goods contracted for, to wit, $970, included the sum of $250 representing a balance due to the defendant by the plaintiff upon a former contract was, however, one to which the attention of the jury should have been called and its bearing upon the situation pointed out. The failure to do so

evidently led the jury into the rendition of a mistaken verdict, which it was afterward sought to correct by the filing of a *remittitur*. Upon a retrial the jury should be so instructed that a repetition of the error will be avoided. No complaint is made of the instruction that the plaintiff, in event of recovery, would be entitled to interest from June 2d, 1906, the date of the contract. Interest would not begin to run until the date of breach.

Counsel for the plaintiff were within their rights in calling counsel for the defendant as a witness to testify to matters not of a confidential or privileged character. The impropriety which is recognized in the conduct of an attorney who volunteers to aid the cause of his client as a witness in his behalf is one which attaches to himself, and is not present when he is requisitioned by his adversary. A due recognition, however, of the status of an attorney representing his client in the trial of a cause demands that he be not required by adverse counsel to take the witness-stand unless there be a reasonable necessity for such action.

The paragraph of the original answer which had been withdrawn, was competent evidence on the part of the plaintiff as an admission by the defendant in the same manner as any other admission of the same purport would have been. 2 Wigm. on Ev. § 1067; *Boots* v. *Canine*, 94 Ind. 408, 416; *Pfister* v. *Wade*, 69 Cal. 133, 138, 10 Pac. 369. It is not altogether clear what pertinent fact the plaintiff sought to establish by the admission. It is unnecessary, however, to determine this matter, since we understand that the objection is primarily addressed to the use of the pleading as evidence, and the statement of the law in this regard will suffice as a guide to the court upon a new trial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.