ELLA C. PARKER vs. ARTHUR D. MEEKS, EXECUTOR,
ET AL.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and KELLOGG, Js.

A person desiring to contest the probating of her brother's will did
    not take her appeal from the decree of the Court of Probate ad-
    mitting the will to probate until about five months after the decree
    was entered. She claimed the benefit of General Statutes, § 5072,
    which provides that appeals from probate, by those of full age and
    present, or who had legal notice to be present, shall be taken
    within one month, and if they have no notice to be present and
    are not present then within twelve months. The appellant had
    appeared at the Court of Probate before a date was set for the
    hearing on the admission of the will, and had stated that she
    wished notice of the proceedings in connection with the probate
    of her brother's will and the settlement of his estate, leaving an
    address for such notice. The Court of Probate ordered public
    notice of the hearing to be given by newspaper and signpost, and
    a copy of the notice sent to the deceased's heirs, and the court
    order was complied with, the copy sent to the address left by the
    appellant being returned by the post-office as undelivered. The ap-
    pellant, who was of full age, was not present at the hearing. Held
    that under the statutes (§ 4850 and § 1 of Chapter 51 of the Public
    Acts of 1919) the public notice ordered by the court was a proper
    order of notice, that is, an order authorized by law for the hearing,
    that it was carried out by newspaper and signpost notice as de-
    fined in § 4848, and hence that the appellant had legal notice to be
    present at the probate hearing, and, as she did not appeal within
    one month, her right of appeal was barred.
Under the subordinate facts appearing in the case, which were undis-
    puted, the lawful conclusion from the facts was essentially a ques-
    tion of law, and the court properly might have directed a verdict
    in favor of the appellees.

Argued April 19th—decided June 1st, 1921.

APPEAL by the plaintiff from an order and decree
of the Court of Probate for the district of Meriden
approving and admitting to probate a certain written
instrument as the last will of Edgar P. Parker of Meri-

den, deceased, taken to the Superior Court in New Haven County where a demurrer to a plea in abatement was overruled (*Warner, J.*), and the issues raised by the reply to the plea were tried to the jury before *Burpee, J.;* verdict and judgment for the defendants, sustaining the plea in abatement and dismissing the appeal, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*George A. Clark,* for the appellees (defendants).

CURTIS, J. Upon the trial before the jury there was in fact no controversy as to the facts, but solely upon the legal conclusions to be drawn from the facts.

The undisputed facts were as follows: A written instrument purporting to be the last will and testament of Edgar P. Parker of Meriden, deceased, was lodged in the Court of Probate for the district of Meriden and application made for its admisssion to probate. The appellant, a sister of the deceased, knowing that her brother's will had been presented to the Court of Probate for the district of Meriden for probate, went to that court on July 11th, 1919, and informed the judge and the clerk that she was then residing at the Hotel Bristol, South Norwalk, Connecticut, and that she wished to have notice of the proceedings in connection with the probate of her brother's will and the settlement of his estate; and she also told them at that time that her address for the purpose of mailing notice of such proceeding to her was Hotel Bristol, South Norwalk, Connecticut, and she then wrote down this address in her own hand upon a paper which she delivered to the Court of Probate.

On July 11th, 1919, the Court of Probate for the district of Meriden made and entered an order that

application for the admission to probate of a written instrument purporting to be the last will and testament of the deceased be heard at two P. M., July 16th, 1919, before the court, and that public notice of the pendency of the application and of the time and place of the hearing thereon be given to all parties interested in the estate by publishing the order once in a newspaper having a circulation in the district, by posting a copy thereof on the public signpost of the town of Meriden, and that a copy of the order be mailed to the heirs at law named in said application.

The order of the Court of Probate was in the following terms:—

"District of Meriden, ss. Probate Court, July 11th, A. D., 1919.

"Estate of Edgar P. Parker, late of Meriden, Conn., praying that an instrument in writing purporting to be the last will and testament of said deceased, may be proved, approved, allowed and admitted to probate as per application on file more fully appears, it is

"Ordered, That said application be heard and determined at the Probate Office, in Meriden, in said district, on the 16th day of July, A. D. 1919, at two o'clock in the afternoon, and that *public notice* of the pendency of said application, and of the time and place of the hearing thereon, be given to all parties interested in said estate, by publishing this order once in a newspaper having a circulation in said district, and by posting a copy thereof on the public signpost of the town of Meriden, in said district, and it is further ordered, that a copy of said order be mailed to the heirs-at-law named in said application.

"By the Court, Harold C. Hall, Clerk of Probate."

A copy of this order was published in the Meriden Daily Journal, a newspaper having a circulation in the

probate district of Meriden, on July 11th, 1919, and posted on the public signpost in Meriden July 11th, 1919.

On July 11th, 1919, pursuant to the specific request and direction of the appellant, the Court of Probate mailed a copy of the order of notice, postage prepaid, addressed to the appellant at the address which she had so given—Hotel Bristol, South Norwalk, Connecticut. This letter, so mailed and sent, containing the copy of the order of notice, was afterward returned to the Court of Probate undelivered. Thereupon the Court of Probate attempted to communicate with the appellant by telephone, but without success.

At the time of the hearing upon the admission of the will to probate, July 16th, 1919, the appellant was not present in person, or represented by counsel, in the Meriden Court of Probate.

Upon the trial the appellant did not appear herself as a witness, or offer to testify whether she received the order of notice mailed to her as above stated, or to give any evidence concerning any matter. The appellant has been at all times a resident of this State, and was of full age on July 11th, 1919. The appeal of the appellant from the decree of the Court of Probate was taken in December, 1919.

Upon the trial the appellant, in effect, requested the court to charge the jury that under the undisputed facts the appellant did not have legal notice to be present at the hearing held on July 16th, 1919, in the Court of Probate for the district of Meriden upon the application for the admission to probate of the written instrument purporting to be the last will and testament of Edgar P. Parker, deceased, and that her appeal from the order admitting the instrument to probate made within twelve months from July 16th, 1919, was legally taken, and that the verdict of the jury should be for the appellant.

The court did not so charge, and the appellant claims that this was error.

The controversy upon the trial to the jury was whether or not the appellees had proved their allegation in the plea in abatement, that appellant had due and legal notice of said application and of the hearing thereon, by the public notice alleged in the first paragraph of the plea.

General Statutes, § 5072, provides, as to the time of taking appeals from an order admitting a will to probate, as follows: "All such appeals, by those of full age and present, or who have legal notice to be present, shall be taken within one month, and if they have no notice to be present and are not present then within twelve months."

We are satisfied that the term "no notice to be present," in this section, does not mean actual, but legal, notice to be present; in this construction of the statute both parties, in their briefs, agree. Did the appellant have legal notice to be present? The appellant did not file a "written request for special notice," under § 4851, so that section may be disregarded.

Section 4850 defines legal notice. It provides that "Courts of Probate may make any proper order providing for notice to be given . . . except as otherwise provided, to any person within the State to whom particular notice of any proceeding before such court is required by law, and the notice under such order shall be a legal notice to such person." The term "any proper order providing for notice," in this section, means any order authorized by law.

The appellant was a person within the State to whom particular notice of an application for the probating of the will of Edgar P. Parker, deceased, is required by law, for § 1 of Chapter 51 of the Public Acts of 1919 provides as follows: "Courts of Probate shall, before proving or

disapproving any last will and testament, or codicil thereto, cause notice, either public or personal or both, as the court may deem best, to be given to all parties known to be interested in the estate, unless all parties so interested shall sign and file in court a written waiver of such notice. . . ."

Was a proper order of notice given, that is, an order authorized by law? In the matter of this application the Court of Probate was authorized by § 1 of the above Act of 1919 to give notice in one of three ways as it deemed best. It might order either (1) public notice; (2) personal notice; or (3) public and personal notice. The court ordered public notice. Was public notice given?

Section 4848 defines what is a public notice, and provides that "whenever in any proceeding in, or matter pending before, a Court of Probate, public notice is required, such notice . . . shall be by publication in some newspaper having a circulation in the district in which such court is holden, for such length of time as said court may direct, and also such further notice, if any, as such court may prescribe."

The Court of Probate in this case ordered public notice, as § 1 of Chapter 51 of the Public Acts of 1919 permitted it to do. It ordered, in accord with § 4848, that the notice should be by publication in a newspaper having a circulation in the district of Meriden, and by posting a copy thereof on the public signpost of the town of Meriden in said district, and further prescribed that a copy of the order be mailed to the appellant, an heir-at-law who had informally left her address with the court. Such publication was duly made, a copy duly posted, and a copy of the order was duly mailed to the appellant. Therefore the appellant, under § 4850, had legal notice of the hearing upon the application for the probating of the claimed will of Edgar P. Parker, deceased, and, as

she did not take her appeal from the order admitting the will to probate within one month, her right to appeal is barred.

Under these subordinate facts, which were undisputed, the lawful conclusion from the facts was essentially a question of law, and the court properly might have directed a verdict in favor of the appellees. *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 Atl. 358. The court did not err, therefore, in not charging the jury, as requested by the appellant, that under the undisputed facts the appellant did not have legal notice of the hearing in question.

The other assignments of error require no discussion. There is no error.

In this opinion the other judges concurred.