## CATHERINE CHIDLEY'S APPEAL FROM PROBATE
### (Estate of Stephen H. Moore)

Superior Court  New Haven County  File No. 58483

MEMORANDUM FILED MAY 4, 1940.

*William F. Geenty*, of New Haven, for the Appellant.

*David M. Reilly*, of New Haven, for the Appellee.

CORNELL, J.  It appears that Stephen H. Moore, late of New Haven, deceased on January 11, 1939, following which his widow, Florence M. Moore, offered for probate an instrument purporting to be his last will and testament, dated October 28, 1910, which latter, viz., on January 24, 1939, by decree of the court of probate was approved and allowed.  The plaintiff (appellant) is a sister of the testator residing in California.  The only notice of the proceedings in question in the court of probate was by publication three times in a newspaper having a substantial circulation in the Probate District of New Haven, between January 17 and January 24, 1939.  The instant appeal from such decree was allowed by the court of probate on January 3, 1940.  In it, the plaintiff alleges that she is a sister of the deceased "and a legatee under the provisions of a written instrument purporting to be the last will and testament of said Stephen H. Moore, dated April 2, 1930."

The plea in abatement assigns two grounds, viz., (1) that the plaintiff being neither a beneficiary under the provisions of the will (a copy of which is attached to the appeal) nor an heir at law, is not a person interested in the proceedings mentioned and could, therefore, not be aggrieved as a result of them within the meaning of section 4990 of the General Statutes,

Revision of 1930; and (2) the appeal was not allowed within one month after the date of the decree approving the will (which latter fact is apparent from the record).

As concerns the first claim, if it be valid, it furnishes reason for erasing the appeal from the docket for lack of jurisdiction. *Averill vs. Lewis,* 106 Conn. 582, 588. In the motion made in the court of probate for the allowance of the instant appeal, however, plaintiff, to show that she is aggrieved, recites that she is a legatee under the later will, viz., that of April 2, 1930. She thus alleges a pecuniary interest in the fate of the earlier testament which was admitted to probate and in which she is ing concerning the admission of the will by which she claims to be aggrieved.

Admittedly the only "notice" given her was the publica-tion in a New Haven daily newspaper mentioned *supra*. This is held to be "legal notice" under the provisions of section 4991 of the General Statutes, Revision of 1930, which, in part, provides that: "All such appeals, by those of full age and present or who have legal notice to be present, shall be taken within one month, and, if they have no notice to be present not named as a beneficiary (*Averill vs. Lewis, supra,* 587. And, see, *Buckingham's Appeal from Probate,* 57 Conn. 544, 546, where the picture was the reverse of that described here) and is aggrieved within the meaning of section 4990, and so entitled to appeal.

Whether or not the appeal should abate, depends upon whether it should have been allowed within one month follow-ing the date of the decree which it seeks to question, or whether, as plaintiff contends, she was permitted to institute it as she has done within 12 months of such date. As plaintiff was not and is not, an inhabitant of Connecticut, the time within which she might appeal is stated in section 1306e of the 1939 Supplement to the General Statutes, which amends section 4992 of the General Statutes, Revision of 1930, which, so far as of importance here, provides: ". . . .and all appeals by per-sons not inhabitants of this state who were not present at such time and did not have legal notice to be present, shall be taken within twelve months thereafter." So that if the instant appeal was taken within the time limited, (viz., 12 months) it is necessary since plaintiff was not present that it appear that the plaintiff did not have "legal notice" within the meaning of that term as it is employed in the statute quoted from, of the hear-

and are not present, then within twelve months"—and the "notice" mentioned therein was determined to mean only "legal notice" and not actual notice. *Parker vs. Meeks*, 96 Conn. 319, 323.

It does not necessarily follow, however, from the conclusion reached in *Parker vs. Meeks, supra*, that the publication of notice of the hearing in the present instance was such as to satisfy the statutory requirements. Section 1306e of the 1939 Supplement to the General Statutes is, among other matters, especially concerned with notice to noninhabitants. The "legal notice" to which it refers has necessary reference, therefore, to section 4784 of the General Statutes, Revision of 1930, which provides: "Courts of probate may make any proper order providing for the notice to be given to any person residing out of or absent from this state. . . . and the notice given under such order shall be a legal notice to such person." The "legal notice" mentioned in section 1306e, *supra*, the giving of which limits the time during which a noninhabitant may appeal from a probate order or decree, to one month, is the "legal notice" conceived in section 4784, *supra*.

On one occasion, at least, the Supreme Court of Errors has failed to say whether a locally published newspaper notice fulfills the requirements of "legal notice" to noninhabitants, though referring to the subject. *Murdoch vs. Murdoch*, 81 Conn. 681, 687. *And, see, State vs. Thresher*, 77 Conn. 70, 77. In the absence of authority in point in this jurisdiction it is necessary to determine whether the publication of notice in a newspaper circulating only in the Probate District of New Haven was an order proper to provide notice to the plaintiff who lives in Oakland, California. An affirmative view of such a proposition would make a mockery of the statutory requirement and reduce to absurdity a seriously intended and purposeful provision.

It is elemental, of course, that proceedings for the probating of wills are *in rem* or, at least, *quasi in rem*. According to a case decided in Massachusetts in 1859, there was once a time when no notice was required to be given even interested parties concerning probate proceedings in this state. *Crippen vs. Dexter*, 13 Gray (Mass.) 330, 333. The fact that definite provision has been required, however, for so many years "to interested persons" is significant. And the circumstances that that special provision has been made in section 4784 with re-

spect to nonresidents and absentees in addition to that authorized in section 4783, which evidently relates to inhabitants in this state, connotes that where the notice given to residents is one not likely to come to the attention of noninhabitants of the state, but it is reasonably possible and feasible to give notice in a manner that will more probably do so, then the latter course should be followed.

It appears that in the application filed by the decedent's widow for the admission and approval of the will of October 28, 1910, the plaintiff's name and her residence as "Oakland, California", together with her relationship as a sister of the deceased, was typed in a space provided for the insertion of names of "only heirs-at-law and next of kin." This, together with the name of another sister, was stricken out by the assistant clerk of the court of probate when the application was presented to him because it also appeared under the other statements contained in the application, plaintiff and her sister were not heirs of the decedent. From this it is certain that the assistant clerk was apprised of both the name and address as to the city and state of the plaintiff, and no reason appears to argue that it was not within his power to prescribe an order of notice which within all probability, if not as a matter of certainty, would have come to her attention promptly, al- though, of course, to make such notice of value it would have been necessary to allow more time before the date set for the hearing than was done.

It is the conclusion that under the circumstances detailed, the court of probate's order of publication in a local newspaper was not only not a "proper order" of notice as concerns the plain- tiff, but that the court of probate as respects such plaintiff as an inhabitant of another state, failed to make any order at all, within the intendment of section 4784. The conclusion fol- lows that the order made and its publication was not a "legal notice" to plaintiff as conceived by section 4784 and, hence, not a "legal notice" as that term is employed in section 1306e of the 1939 Supplement to the General Statutes. As plaintiff was not present at the hearing in question and, as found, here, did not have "legal notice" thereof, her appeal is properly taken within 12 months after the making of the decree.

It follows that the plea in abatement must be and is overruled.