GEORGE HOLLAND'S APPEAL FROM PROBATE
(ESTATE OF LEWIS M. HOLLAND)

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 21684
AT WATERBURY

Memorandum filed July 8, 1954.

*Alfred L. Finkelstein,* of Waterbury, for the appellant.

*William L. Tobin,* of Waterbury, specially for Robert J. Bolan, executor.

PHILLIPS, J. The plaintiff, a resident of Waterbury, Connecticut, appealed from an order of the Probate Court admitting to probate the will of Lewis M. Holland, on the ground of insufficient testamentary capacity and undue influence.

The motion for an appeal alleged that the plaintiff is a nephew and heir at law of the testator; that on October 22, 1953, after a hearing, the Probate

Court admitted the will to probate; that the executor in filing his application represented that the deceased left as his only heirs at law certain named nephews and nieces and did not include the plaintiff's name in the list; that the plaintiff received no notice of the hearing; but that on April 8, 1954, papers were served on him notifying him of the admission of the will to probate. The motion for an appeal was dated May 4, 1954.

The plea in abatement by the defendant executor alleges that legal notice of the hearing was given to all parties interested in the estate, including the plaintiff, by publication in a Waterbury newspaper of an order of notice, and by mailing a copy of the order of notice, registered mail, "to all parties then known to be interested in said estate." Annexed to the plea is a copy of the order of notice, which orders notice by publication and also by registered mail to certain named individuals "and to all parties interested"; as a part of the same document there appears a copy of the return by the executor, reciting the publication and also the mailing by registered letter a copy of the probate order to the individuals named "and to all parties interested." The reason for the plea is given as the failure of the plaintiff to file his appeal within thirty days of the order admitting the will to probate, as required by § 2216c of the 1953 Cumulative Supplement.

The plaintiff has demurred to the plea in abatement. The demurrer is inartificially drawn and contains statements of fact, which are improper in a demurrer. *Husbands* v. *Aetna Indemnity Co.*, 93 Conn. 194. The essence of it appears to be, however, that the plea is insufficient because the plaintiff was not given legal notice of the hearing by registered mail and therefore his appeal was not late under the statute.

The statute, § 2216c of the 1953 Cumulative Supplement reads: "All such appeals, by those of full age and present or who have legal notice to be present, shall be taken within thirty days, and, if they have no notice to be present and are not present, then within twelve months." The term "no notice to be present" does not mean actual, but legal, notice to be present. *Parker* v. *Meeks*, 96 Conn. 319, 323. Did the plaintiff have legal notice to be present? If so, his appeal should have been taken within thirty days of the decree. If not, his appeal was timely.

Section 6838 defines legal notice: "Courts of probate may make any proper order providing for the notice to be given . . . to any person within the state to whom particular notice of any proceeding before such court is required by law, and the notice given under such order shall be a legal notice to such person." The term "any proper order providing for notice" means any order authorized by law. *Parker* v. *Meeks*, supra.

The order authorized by law in the instant case is that prescribed by § 6960, which provides: "Any court of probate shall, before proving or disapproving any last will and testament, or codicil thereto, hold a hearing thereon, of which notice, either public or personal or both, as the court may deem best, shall have been given to all parties known to be interested in the estate, unless all parties so interested shall sign and file in court a written waiver of such notice, or unless the court shall, for cause shown, dispense with such notice. . . ."

"Known," in this statute, means known to the Probate Court, and the undisclosed knowledge of one named as executor in the will cannot be imputed to the court. *Haverin* v. *Welch*, 129 Conn. 309, 314. By ordering notice of the hearing to be given by registered mail to "all parties interested," the Probate

Court was referring to those then known to it to be interested, to wit the eight nephews and nieces enumerated in the executor's application. This was all the personal notice that the court was authorized to order given under the statute; and, obviously, all that it was within its power to order given under the circumstances.

The giving of the notice so required by law is legal notice to all interested parties whether they have actual knowledge or not. *Gill* v. *Bromley,* 107 Conn. 281. The plea in abatement alleges compliance with the order, both by publication and by mailing copies by registered mail to all parties then known to be interested in the estate. The demurrer admits this allegation. There was legal notice to the plaintiff, though he had no actual notice.

The demurrer to the plea in abatement is overruled.