[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO QUASH NOTICE OF DEPOSITION OBJECTION TO NOTICE OF DEPOSITION DOCKET NO. 180 AND REQUEST FOR PROTECTION ORDER DOCKET NO. 182 OBJECTION TO PROTECTION DOCKET NO. 183
The plaintiff, Roger Emerick, was previously married to and divorced from the defendant, Claudia Moraes. Included in the judgment of dissolution, was a visitation schedule for the plaintiff and his minor child, along with an order that prohibited either parent from removing the child from Connecticut except for travel that would not interfere with her schooling or the other parent's visitation.
In his amended complaint, filed July 31, 1989, the plaintiff alleges that the defendant, along with help from her mother, defendant Betty Moraes, took the minor child "permanently to Brasil [sic] in order to deprive Roger Emerick of any meaningful relationship with [the] child." The amended complaint seeks damages based on intentional infliction of CT Page 52 emotional distress, "unintentional infliction of emotional distress," interference with parent/child relationship, abduction, and negligence.
The plaintiff sent a notice of deposition, dated October 7, 1991, to the defendant's attorney requesting his deposition along with production of "[a]ny and all bills for services to Claudia Moraes in the family case, Emerick v. Emerick, . . ., and in the civil case Emerick v. Moraes, . . ., and "[a]ny and all documentation submitted since 9-85 by Atty. Frauenglass (such as letters, court motions, etc.) which address [the] issue of visitation between the minor child, Corey Lisa Emerick and her father, Roger Emerick." (See Plaintiff's Notice of Deposition, dated October 7, 1991).
On October 15, 1991, the defendant filed an objection to the plaintiff's notice of deposition dated October 7, 1991, and a request for a protective order regarding the bills for services and the documents requested by the plaintiff. On October 16, 1991, the defendant filed an objection to plaintiff's request for production, inspection and examination dated September 24, 1991 and a request for a protective order. With respect to the plaintiff's request dated September 24, 1991, there is no indication as to what documents the defendant's objection refers.
The defendant argues that the court should "order that the plaintiff cannot depose defendant's attorney" because it "would constitute an interference with the attorney client relationship in violation of [the] attorney client privilege." (See Defendant's Objection to Notice of Deposition and Request for Protective Order, dated October 11, 1991).
Practice Book 243 provides in pertinent part:
 In addition to other provisions for discovery and subject to the provisions of Sec. 217, any party who has appeared in a civil action, . . . where the court finds it reasonably probable that evidence outside the record will be required, may, at any time after the commencement of the action or proceeding, in accordance with the procedures set forth in this chapter, take the testimony of any person, including a party, by deposition upon oral examination.
"`Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal CT Page 53 advice.'" State v. Gordon, 197 Conn. 413, 504 A.2d 1020
(1985) (citations omitted). "The granting or denial of a discovery request rests in the sound discretion of the court." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 57,459 A.2d 503 (1983). "It is clear that an attorney may be deposed . . . in an action on matters not of a confidential or privileged character. Loomis v. The Norman Printer's Supply Company, 81 Conn. 343, [71 A. 358 (1908)]." Pac v. Lynch, 11 Conn. Law. Trib. No. 1, p. 9 (July 24, 1984, Missal, J., State Trial Referee).
Although the defendant's attorney is not required to answer specific questions that would elicit privileged communications, there is nothing that prohibits the plaintiff from deposing him. It is within the court's discretion to grant or deny the defendant's objection to the deposition.
The defendant also seeks an order from the court that the plaintiff cannot have access to bills for service rendered by the defendant's attorney. The defendant claims that producing these bills would constitute a violation of the attorney-client privilege.
A bill for services rendered by an attorney is not a communication made in confidence for the purpose of seeking legal advice. Producing bills per se for services does not violate the attorney client privilege.
The defendant also requests a protective order regarding the documents requested in paragraph 2 of the notice of deposition; documentation submitted regarding visitation between the plaintiff and the minor child. In the second paragraph of the notice of deposition, the plaintiff specifies letters and court motions. The defendant argues that these items are either privileged or are work product and therefore cannot be required to be produced.
The purpose of a protective order is to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Practice Book 221. If necessary, the court may order any of the following:
 (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by method of discovery other than that selected by the party seeking discovery; (4) that certain CT Page 54 matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
Practice Book 221, Pollio v. Somers Conservation Commission, 3 Conn. L. Rptr. No. 5, p. 142 (January 9, 1991), Scheinblum, J.).
"`Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation.'" Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86,95, 230 A.2d 9 (1967) (citations omitted). "The attorney's work must have formed an essential step in the procurement of the data which the opponent seeks, and the attorney must have performed duties normally attended to by attorneys." Id. Practice Book 219 provides in pertinent part:
 [A] party may obtain discovery of documents and tangible things otherwise discoverable under Sec. 218 and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative only upon a showing that the party seeking discovery has substantial need of the materials in the preparations of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
Privileged documents are not discoverable. Practice Book 218.
"The burden of establishing that the information sought constitutes work product is upon the party asserting such claims." Buckland v. New Haven Podiatry Associates,4 CSCR 176 (January 10, 1989, Flanagan, J.); See also, Conoco, Inc. v. United States Dept. of Justice, 687 F.2d 724,730 (3rd Cir. 1982). The party seeking discovery must demonstrate a substantial need for the material and that undue hardship would result if discovery were not permitted. See CT Page 55 Kriskey v. Chestnut Hill Bus Company, 1 Conn. L. Rptr. 610, 611 (May 9, 1990, Landau, J.).
Although court motions are clearly prepared in anticipation of litigation and therefore constitute work product, they are not discoverable under Practice Book 219 because the plaintiff fails to satisfy the requirement that he is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." That the undue hardship requirement is not met because the court motions are a part of the court record and are therefore readily accessible to the plaintiff.
With regard to the plaintiff's request for production of letters submitted by the defendant's attorney. The court finds that neither party has sufficiently stated what the letters disclose or the reason for the production request. At short calendar argument, the plaintiff stated that he was not requesting production of letters written by the defendant's attorney to the defendant but rather to third parties. Therefore, the attorney-client privilege is not implicated.
If the court finds that the defendant has met the burden of establishing that the letters are work product, the court then must determine whether a substantial need exists for the letters and whether undue hardship would result without production. Unless the court finds that the requisite showing of substantial need and undue burden have been met, the protective order should be granted as to those letters. Without any further showing the court concludes that various letters sent to various persons not "parties" in developing and preparing a case are in fact the work product of the attorney. The plaintiff is not prohibited from viewing bills for services rendered by the defendant's attorney as they are not privileged communications.
The plaintiff is prohibited from compelling production of court motions prepared by the defendant's attorney because no undue hardship would result if discovery was not ordered. Finally, the court finds that the letters requested by the plaintiff constitute work product. The defendant is not compelled to produce them unless the court finds the requisite showing of substantial need and undue hardship. No such substantial need or hardship has been established.
JOHN F. WALSH, J.