[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the court should grant the defendants' motion for a protective order, which seeks to prevent the deposition of defendants' attorney, Michael Kaufman.
It is found that the issuance of a protective order prohibiting the plaintiff from taking the deposition of Attorney Kaufman and protecting Attorney Kaufman from disclosing certain documents is within the discretion of the court. CT Page 3841
On November 24, 1992, the plaintiff, Maryann R. Clarkson, filed a two count complaint against the defendants, Greentree Toyota Corporation and Harold Tananbaum. In the first count of the complaint, the plaintiff alleges that the defendants wrongfully discharged her for exercising her rights guaranteed by the Connecticut and United States Constitutions which is in violation of General Statutes, Sec. 31-51q. In the second count of the complaint, the plaintiff alleges a cause of action for intentional infliction of emotional distress.
On December 4, 1992, the plaintiff filed a motion to disqualify defense counsel because "at least one member of this firm will be a principle [sic] witness in the plaintiff's case and, therefore, an unwaivable conflict of interest exists." However, on January 4, 1993, the court (Fuller, J.) denied the motion without prejudice to the plaintiff to renew said motion at a later date.
On January 14, 1993, the defendants filed a motion for a protective order "in connection with the Plaintiff's Notice of Deposition of Michael R. Kaufman, Esq., dated January 6, 1993, prohibiting plaintiff from taking the deposition of Attorney Kaufman and protecting Attorney Kaufman from producing the documents requested in said Notice of Deposition." In the motion, the defendants argue that the "plaintiff should not be permitted to take the deposition of Michael R. Kaufman to conduct a `fishing expedition' in the hope that she might discover information to support a motion for disqualification of defense counsel."
On or about January 28, 1993, the plaintiff filed an objection to the motion for a protective order asserting that "[t]he Plaintiff was discharged by the Defendants after she had a meeting with Attorney Michael Kaufman who represented the Defendants then and whose firm represents them in the current action." The plaintiff also represents that when the court denied the motion to disqualify, "the court noted that in order to properly decide this motion extensive testimony would have to be heard." As a result, the plaintiff seeks to take the deposition of Attorney Kaufman.
According to Practice Book, Sec. 243, "any party who has appeared in a civil action . . . where the court finds it reasonably probable that evidence outside the record will be CT Page 3842 required, may, at any time after the commencement of the action or proceeding . . . take the testimony of any person, including a party, by deposition upon oral examination." "The granting or denial of a discovery request rests in the sound discretion of the court." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 57, 459 A.2d 503 (1983). In the present case, the plaintiff seeks to take the deposition of defendants' attorney, Michael Kaufman, because the plaintiff was allegedly discharged by the defendants after she had a meeting with Attorney Kaufman and another employee. "`Communications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice.'" (Citations omitted.) State v. Burak, 201 Conn. 517,526, 518 A.2d 639 (1986). However, "`[i]t is clear that an attorney may be deposed . . . in any action on matters not confidential or privileged character. Loomis v. Norman Printers Supply Co. 81 Conn. 343, [71 A. 358 (1908)].' Pac v. Lynch, 11 CLT No. 1, p. 9 (July 24, 1984, Missal, J. State Trial Referee)." Emerick v. Moraes, Judicial District of Hartford, Docket No. 31 48 98 (January 3, 1992, Walsh, J.). "`[S]tatements made in the presence of a third party are usually not privileged because there is then no reasonable expectation of confidentiality.'" (Citation omitted.) State v. Burak, supra, 526. Therefore, as in Emerick v. Moraes, supra, "[a]lthough the defendant's attorney is not required to answer specific questions that would elicit privileged communications, there is nothing that prohibits the plaintiff from deposing him. It is within the court's discretion to grant or deny the defendant's objection to the deposition." Accordingly, it is clear that the granting of the defendants' protective order prohibiting the deposition of Attorney Kaufman is within the court's discretion.
In addition, the defendants seek to prevent the disclosure of certain documents enumerated in the notice of deposition. The purpose of a protective order is to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Practice Book, Sec. 221. "The extent of discovery and use of protective orders is clearly within the discretion of the trial judge. Hardisty v. Zoning Commission of the Town of Woodbury, [infra]." Carrier Corp. v. Home Insurance Co., Judicial District of Hartford, Docket No. 35 23 83 (February 11, 1992, Schaller, J.). "The court's discretion applies to decisions concerning whether the information is material, privileged, substantially more CT Page 3843 available to the disclosing party, or within the disclosing party's knowledge, possession or power, as stated in [Practice Book] Sec. 218." Standard Tallow Corporation v. Jowdy, supra, 59-60. In the present case, the defendants assert that the plaintiff's request for any nonprivileged documents, correspondence and statements regarding the discharge of the plaintiff by the defendants "is overly broad and served with the intent to harass the defendants and their counsel." However, "[t]he party seeking to bar [discovery] must make a threshold showing that there is `good cause' that the protective order issue." Associated Constr. Co., Inc. v. City of Milford, 4 CSCR 130 (December 28, 1988, Kulawiz, J.). "The showing must involve a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Hardisty v. Zoning Commission of the Town of Woodbury, 2 CSCR 433 (March 10, 1987, Gill, J.). As a result, although the extent of discovery and use of protective orders is clearly within the discretion of the trial judge, it is found that the defendants have not made a threshold showing that there is "good cause" to issue a protective order.
The motion for protective order is denied.
McGrath, J.